**Hildreth v. Mims**
*[Cite as 8 AOA 350]*

*Case No. 57605*
*Cuyahoga County, (8th)*
*Decided November 1, 1990*

*Everett Chandler, 2020 Superior Building, 815 Superior Avenue, Cleveland, Ohio 44114; Also listed: Marvin C. Schaust, 1403 Superior Building, Cleveland, Ohio 44113, for Plaintiff-Appellee.*

*David B. Dawson, Stephanie Jackson and Margaret Terry, 1223 West Sixth Street, Cleveland, Ohio 44114, for Defendant-Appellant.*

JOHN V. CORRIGAN, J.

On July 22, 1988, plaintiff-appellee Mary Hildreth ("appellee") filed an action in forcible entry and detainer against defendant-appellant Linda Mims ("appellant"). In the first count of her complaint, appellee sought the eviction of appellant from the residential premises located at 3652 East 151st Street in the city of Cleveland, Ohio, and in the second count, appellee requested judgment against appellant in the amount of $1,200 for the nonpayment of rent.[1]

After a hearing was conducted on August 12, 1988, the trial court ordered the eviction of appellant from the subject premises in a judgment entry dated August 19, 1988. On September 13, 1988, appellant filed a motion for relief from judgment pursuant to Civ. R. 60(B).

Appellant initially argued, in her motion for relief from judgment, that appellee did not have an interest in the action, since she was not the record owner of the subject premises.

Appellant further argued that appellee fraudulently altered the lease agreement, thus, pursuant to Civ. R. 60(B)(3), she was entitled to relief from the eviction judgment.

On September 15, 1988, the trial court denied appellant's motion for relief from judgment. However, on September 19, 1988, the trial court granted appellant's oral motion for reconsideration and further ordered a temporary stay of the eviction proceedings pending a hearing. The trial court conducted a hearing on appellant's motion for reconsideration on September 27, 1988. After hearing testimony and receiving exhibits, the trial court denied appellant's motion for reconsideration and ordered appellant to move out of the subject premises by October 11, 1988.

On September 28, 1988, appellee filed a motion to advance the move out date, which the trial court granted on September 30, 1988. Thus, appellant has ordered to move out of the premises by October 6, 1988.

On October 5, 1988, appellant filed a notice of appeal from the trial court's denial of·her motion for reconsideration. On the same day, appellant filed a motion for use and occupancy bond and a stay of execution pending appeal. The trial court judge as-

signed to the instant case was unavailable to rule on appellant's motion. Therefore, appellant obtained approval of her motion from the Administrative Judge for the Cleveland Municipal Court. On October 5, 1988, the Administrative Judge granted appellant a stay of the eviction proceedings pending an appeal.

On October 12, 1988, appellee filed a motion to deposit rent into the court and a motion for attorney fees for "Frivolous Conduct" pursuant to R.C. 2323.51. In her motion for attorney fees, appellee alleged that appellant pursued the instant matter in order to harass or maliciously injure her. Appellee also argued that appellant's position was not warranted under existing law and was not supported by a good faith argument.

On October 31, 1988, the trial court conducted a hearing on appellee's motion regarding rent deposit. At the conclusion of the hearing, the trial court ruled that appellant could continue to occupy the premises pending the appeal, so long as she kept her rent current.

On November 16, 1988, appellant filed in this court a motion for dismissal of her appeal. Appellant claimed that since she had moved out of the subject premises during the week of October 29, 1988, the ultimate issue to be determined by the appeal became moot. Thus, appellant requested this court to dismiss her appeal. On November 17, 1988, this court granted appellant's motion to dismiss.

On January 20, 1989, the trial court conducted a hearing on appellee's motion for attorney fees pursuant to R.C. 2323.51. The trial court entertained oral arguments and received the testimony from appellant's Legal Aid Society attorneys, Stephanie Jackson and Margaret Terry. On January 23, 1989, the trial court issued its order wherein appellee was awarded $1.00 for attorney fees and costs.

On February 16, 1989, pursuant to appellant's request, the trial court ordered the parties to submit proposed Findings of Fact and Conclusions of Law. On March 24, 1989, the trial court adopted appellee's proposed Findings of Fact and Conclusions of Law.

It was revealed that appellant resided in the subject premises from December, 1987 throughout the entire eviction proceedings. During that period, appellant only paid the December, 1987 rental of $106.00. Appellant neither paid further rent nor any of the utility bills. While appellee was denied her right to the subject premises, appellant was causing damage and destruction to the premises.

At appellant's hearing on her motion for reconsideration on September 27, 1988, appellant's counsel requested from appellee's counsel additional time for appellant to reside in the subject premises. Appellant's counsel informed appellee's counsel that if appellee did not allow appellant to remain in the premises for at least two more months, appellant would appeal her case to this court in the event that she would lose. Appellee refused appellant additional time to remain in the subject premises. Appellant did lose on her motion for reconsideration and did file a notice of appeal.

On the day appellant filed her notice of appeal, appellant also filed a motion for use and occupancy bond and a stay of execution pending appeal. Since the trial court judge assigned to the instant case was absent, appellant obtained permission from another judge, unfamiliar with the circumstances of the instant matter, to stay all the proceedings. Appellant was also permitted to continue residing in the subject premises while the appeal was being prosecuted. Once appellant vacated the premises, her appeal was dismissed.

The conclusions of law adopted by the trial court indicated that the trial court was well within its confines in ruling that appellant ought to be evicted from the premises for the nonpayment of rent. The trial court concluded that appellee was entitled to $1.00 in attorney fees, since appellant's counsel's actions were calculated to annoy, harass and maliciously injure appellee in the performance of her right to have her premises returned by appellant.

Appellant filed a timely notice of appeal and subsequently raised the following assignments of error:

"I. THE TRIAL COURT ERRED BY CONCLUDING THAT CONDUCT OF COUNSEL FOR DEFENDANT VIOLATED R.C. SEC. 2323.51.

"A. THERE IS NO EVIDENCE TO SUPPORT THE COURT'S CONCLUSION THAT COUNSEL'S CONDUCT COMES WITHIN

THE MEANING OF HARASS OR MALI-
CIOUSLY INJURE UNDER
R.C. SEC. 2323.51(A)(2)(a).

"1. THE MEANING OF HARASS AND MA-
LICIOUSLY INJURY (SIC) IN R.C. SEC.
2323.51, DISCIPLINARY RULE 7-102(A) (1)
AND CIV. R. 11, F.R.C.P.

"B. THE TRIAL COURT FAILED TO DE-
TERMINE WHETHER THE ONLY PUR-
POSE OF THE CONDUCT OF
DEFENDANT'S COUNSEL WAS TO
HARASS OR MALICIOUSLY
INJURE THE PLAINTIFF.

"C. THE EVIDENCE CONCLUSIVELY
DEMONSTRATES THAT COUNSEL FOR
THE DEFENDANT ACTED IN GOOD
FAITH AND REASONABLY UNDER THE
CIRCUMSTANCES.

"II. THE TRIAL COURT ERRED IN AS-
SUMING JURISDICTION UNDER R.C.
SEC. 2323.51 TO DETERMINE THAT
TAXING AN APPEAL CONSTITUTED
FRIVOLOUS CONDUCT.

"III. THERE [SIC] NO EVIDENCE TO SUP-
PORT A CONCLUSION THAT THE
PLAINTIFF WAS ADVERSELY
AFFECTED BY ANY CONDUCT OF
DEFENDANT'S COUNSEL.

"IV. THE TRIAL COURT'S FINDING
THAT DEFENDANT'S COUNSEL WAITED
UNTIL THE TRIAL JUDGE WAS OUT OF
TOWN TO FILE THE APPEAL AND OB-
TAIN A STAY IS AGAINST THE
MANIFEST WEIGHT OF
THE EVIDENCE."

Appellant's second assignment of error
will be addressed first, since it raises a juris-
dictional issue.

In her second assignment of error, appel-
lant argues that the trial court exceeded its
jurisdiction under R.C. 2323.51 in determin-
ing that her filing of a notice of appeal consti-
tuted frivolous conduct. Appellant specifically
contends that the trial court lacked the juris-
diction to make any determination on attor-
ney fees relative to taking an appeal.

R.C. 2323.51 provides in pertinent part:

"(A) As used in this section:

"(1) 'Conduct' means filing a civil action,
asserting a claim, defense, or other position

in connection with a civil action, or taking
any other action in connection with a civil
action."

A claim for attorney fees as a sanction
for frivolous conduct under R.C. 2323.51 is
collateral and independent of the primary
action. *Painter v. Midland Steel Products Co.*
(Nov. 2, 1989), Cuyahoga App. Nos. 56128 and
56129. A trial court may consider a motion
for sanctions which is filed after the entry of
judgment in the primary action. *Sturm v.
Sturm* (Aug. 16, 1990), Cuyahoga App. No.
57380, unreported.

As set forth in R.C. 2323.51(A)(1), the
conduct subject to review by the trial court is
defined not only as the filing of a Civil ac-
tion, but also the assertion of a claim, de-
fense, or other position *in connection with a
civil action* or *the taking of any other action in
connection with a civil action.* We find that
appellant's filing of a notice of appeal add
subsequent dismissal of her. appeal clearly
constituted the taking of action in connection
with the primary civil action.

For the foregoing reasons, we conclude
that appellant's filing of her notice of appeal
and her dismissal of the appeal constituted
conduct under R.C. 2323.51(A) (1). According-
ly, the trial court had jurisdiction to make
any determination on sanctions, pursuant to
R.C. 2323.51, relative to appellant's taking
an appeal.

Appellant's second assignment of error is
not well taken and is overruled.

In her first assignment of error, appellant
argues that the actions of her attorney were
not frivolous under R.C. 2323.51, and that,
therefore, the trial court erred in awarding
appellee any amount of attorney fees.

"Frivolous conduct" is defined in R.C.
2323.51(A) (2) as follows:

"(2) 'Frivolous conduct' means conduct of
a party to a civil action or of his counsel of
record that satisfies either of the following:

"(a) It obviously serves merely to harass
or maliciously injure another party to the
civil action;

"(b) It is not warranted under existing
law and cannot be supported by a good faith
argument for an extension, modification, or
reversal of existing law."

Prior to awarding attorney fees under
R.C. 2323.51, the trial court must determine

if appellant's counsel's conduct was frivolous. Such a factual determination must be made by the trial court after a full hearing. R.C. 2323.51(A)(2)(c). The trial court's decision regarding the imposition of sanctions for frivolous conduct will not be reversed absent an abuse of discretion. *Painter, supra;* See, also, *State, rel. Fant v. Sykes* (1987), 29 Ohio St. 3d 65.

In the instant case, there was evidence that appellant's counsel filed a notice of appeal solely to provide appellant with more time to reside in the subject premises. By filing a notice of appeal, appellant's counsel was able to procure a stay of the proceedings, pending an appeal, and also obtain permission from another trial court judge for appellant to continue to reside in the premises during the appeal.

At the hearing on appellant's motion for reconsideration conducted on September 27, 1988, appellant's counsel, Margaret Terry, informed appellee's counsel that if appellee did not permit appellant to continue to occupy the premises for at least two additional months, appellant would appeal the instant case to this court. This was evidenced in Margaret Terry's testimony at the hearing on appellee's motion for attorney fees. The following colloquy occurred between Margaret Terry and appellee's counsel:

"Q. Now, it didn't go far enough, in response to your attorney's query, you did testify that sometime during the course of the hearing on the 27th of September, that you had indicated to myself as counsel for the Plaintiff, that in order to dispose of the case, let the woman stay there for x number of weeks or whatever. But what was the next, if we did not let her stay there, what did you say you were going to do?

"A. If we lost the case, based on the proper testimony, I would file an appeal." (Tr. 113, 114)

Appellee refused to permit appellant to reside in the subject premises for additional time. In fact, appellee requested the trial court to advance the move out date which the trial court imposed in its order denying appellant's motion for reconsideration.

Appellant's counsel did appeal to this court from the trial court's denial of her motion for reconsideration. By doing so, appellant's counsel obtained a stay of the proceedings and permission from the trial court for appellant to continue occupying the premises. Once appellant found a place to live and moved out of the subject premises, her counsel voluntarily dismissed her appeal. Clearly, appellant's counsel utilized the appellate procedure to buy time.

Appellant's counsel vigorously argued that appellant was entitled to relief from judgment pursuant to Civ. R. 60(B) (3), based on fraud, mistake or misrepresentation of the other party. After appellant's motion for reconsideration was denied, appellant's counsel filed a notice of appeal. Appellant's counsel claimed that appellant appealed from the trial court's order because the trial court made a mistake. Appellant's counsel, Stephanie Jackson, testified as follows:

"Q. And what was the basis for that appeal?

"A. The basis of the appeal was, we felt that there was, that there was a mistake. That there was a mistake in the interpretation of the facts and the law.

"Q. With respect to what issues?

"A. With respect to the 60-B issue." (Tr. 65)

Upon a review of the record, we find that appellant's counsel's conduct culminating in the filing of a notice of appeal constituted frivolous conduct. Appellant's counsel did not pursue the appeal on the basis for which they claimed it was filed. Appellant's counsel only filed the notice of appeal in order to obtain more time for appellant to remain in the subject premises. Appellant's counsel's filing of a notice of appeal obstructed and delayed appellee's right to possession of the subject premises.

We conclude that the trial court did not err in finding that appellant's counsel's filing of the notice of appeal was calculated to annoy, harass, and maliciously injure appellee in the performance of her right to have the premises returned by appellant. Appellant's counsel acted in bad faith by pursuing an appeal which may have had a legal foundation but which was not pursued for that purpose. Furthermore, the continued filings of motions and pleadings; appearances before other judges; obtaining stays of the proceedings; and the filing of appellant's notice of appeal all constituted frivolous conduct on the part of appellant's counsel. Accordingly, the trial court properly determined the actions of appellant's counsel to fall within the defini-

tion of frivolous conduct contained in R.C. 2323.51. Thus, the trial court did not abuse its discretion in awarding attorney fees as sanctions under R.C. 2323.51.

Appellant's first assignment of error is without merit and is overruled.

In her third assignment of error, appellant contends there was insufficient evidence to support a conclusion that appellee was adversely affected by any conduct of appellant's counsel.

The trial court ordered appellant to keep current the rent, in order for her to remain in the subject premises pending appeal. Appellant did deposit with the trial court $106 for October, 1988. Appellant claims that this was adequate to protect appellee's interest pending appeal.

We find that there was sufficient evidence for one to conclude that appellee was adversely affected by appellant's counsel's actions. As a result of said calculated delaying tactics, appellee was prevented from exercising her right to the possession of the subject premises. Furthermore, the record indicates that appellant was causing damage and destruction to the premises. Although appellant deposited $106 for the rent of October, 1988, appellee was adversely affected by the continued occupancy of appellant in the subject premises.

Appellant's third assignment of error is not well taken and is overruled.

In her fourth assignment of error, appellant challenges the trial court's findings of fact that her counsel waited until the trial court judge was out of town to obtain a stay of the proceedings.

There is no doubt that the trial court judge assigned to the instant case was unavailable when appellant's counsel sought a stay of the proceedings pending appeal. Furthermore, there is no dispute that the administrative judge who ordered the stay was unfamiliar with the circumstances of the instant matter. Accordingly, we conclude that the trial court's findings of fact were both accurate and supported by the manifest weight of the evidence.

Appellant improperly premises her fourth assignment of error on the contention that the trial court's findings presented a strong implication of deceit and impropriety on the part of her counsel.

Appellant's fourth assignment of error is without merit and is overruled.

Trial court judgment is affirmed.

PATTON, C.J., and KRUPANSKY, J., concur.

---

[1] On September 12, 1988, the trial court issued its judgment entry wherein appellee dismissed the second count of her complaint without prejudice.