MASON; Fletcher et al., Appellees,

v.

MEYERS et al., Appellants.

[Cite as *Mason v. Meyers* (2000), 140 Ohio App.3d 474.]

Court of Appeals of Ohio,
Third District, Seneca County.

No. 13–2000–17.

Decided Nov. 15, 2000.

*John T. Barga,* for appellees.

*J. Vincent Buchanan,* for appellants.

---

HADLEY, Presiding Judge.

Defendants-appellants Floyd and Rita Meyers ("appellants") appeal the judgment of the Seneca County Court of Common Pleas finding that they had committed frivolous conduct and awarding plaintiffs-appellees Richard and Debra Fletcher ("appellees") attorney fees. For the following reasons, we affirm the judgment of the trial court.

The pertinent facts and procedural history in this matter are as follows. This case originated in May 1997 when the appellees filed a complaint against the appellants for breach of contract relating to the sale of real estate. The appellees were seeking specific performance. A bench trial was held on this matter on April 12, 1999, and on April 27, 1999, the trial court rendered judgment in favor of the appellees. The appellants appealed the judgment and on December 2, 1999, this court affirmed the judgment of the trial court.

On January 10, 2000, the appellees filed a motion for a closing date, as they had not been able to reach an agreed-upon time and place with the appellants. The trial court found the appellees' motion well taken and ordered the closing to be held on January 18, 2000. On January 27, 2000, the appellees filed a motion for assessment of costs and attorney fees due to the appellants' frivolous conduct throughout the proceedings. A hearing was held in this matter and on April 17, 2000, the trial court found that the appellants had participated in frivolous conduct and awarded the appellees $10,823 in attorney fees and expenses. It is from this judgment that the appellants now appeal, asserting three assignments of error.

### Assignment of Error No. 1

■ "The trial court lacked jurisdiction to award plaintiffs any sums for attorney fees under ORC 2323.51 in that the motion of plaintiffs was filed beyond the 21 day period after the filing of an appealable order hereinbelow."

The appellants contend that the trial court lacked jurisdiction in this matter as the appellees failed to file their motion within the statutorily prescribed time. For the following reasons, we disagree.

■ The appellants are correct in their contention that a motion for sanctions pursuant to R.C. 2323.51 must be filed before trial or within twenty-one days of the entry of judgment. *Justice v. Lutheran Social Serv. of Cent. Ohio* (1992), 79 Ohio App.3d 439, 607 N.E.2d 537. The twenty-one-day time limit

contained in R.C. 2323.51 is similar to a statute of limitations or the time constrictions set for many other types of motions and is included to bar stale or retaliatory claims. *Edinger v. DeRail, Inc.* (Apr. 12, 1991), Lucas App. No. L–90–158, unreported, 1991 WL 53777. It is an affirmative defense to a claim for relief that a plaintiff failed to file an action within the applicable statute-of-limitations period. See Civ.R. 8(C). Affirmative defenses must be raised in a responsive pleading or they will be considered waived. *Mossa v. W. Credit Union, Inc.* (1992), 84 Ohio App.3d 177, 616 N.E.2d 571; *Mills v. Whitehouse Trucking Co.* (1974), 40 Ohio St.2d 55, 69 O.O.2d 350, 320 N.E.2d 668; *BP Communications Alaska, Inc. v. Cent. Collection Agency* (2000), 136 Ohio App.3d 807, 737 N.E.2d 1050.

For the first time, on appeal, the appellants contend that the twenty-one-day statute of limitations had lapsed prior to the filing of the appellees' motion. The appellants failed to raise this issue in the trial court. The record reveals that the appellants did not file any written objections to the appellees' request for sanctions. Additionally, the appellants failed to raise this objection at the hearing held in this matter. It is only upon appeal that the appellants raise this argument. It is a long-standing rule of appellate procedure that no new issues can be raised in the appellate court that were not raised before the trial court. *LB Folding Co., Inc. v. Gergel–Kellem Corp.* (1994), 94 Ohio App.3d 511, 641 N.E.2d 222, citing *Republic Steel Corp. v. Cuyahoga Cty. Bd. of Revision* (1963), 175 Ohio St. 179, 23 O.O.2d 462, 192 N.E.2d 47.

Our review of the record in this case reveals that the appellants failed to raise the statute-of-limitations issue in the trial court. Therefore, we adhere to well-settled appellate practice and refuse to address this argument for the first time on appeal. The appellants have waived any potential error regarding this issue.

Accordingly, the appellants' first assignment of error is overruled.

### Assignment of Error No. 2

"The defendants-appellants' conduct herein does not constitute frivolous conduct as defined by ORC 2323.51, as a matter of law."

The appellants challenge the trial court's finding that they engaged in frivolous conduct in violation of R.C. 2323.51. For the following reasons, we agree with the findings of the trial court.

A frivolous claim is a claim that is not supported by facts in which the complainant has a good-faith belief, and that is not grounded in any legitimate theory of law or argument for future modification of the law. *Jones v. Billingham* (1995), 105 Ohio App.3d 8, 12, 663 N.E.2d 657, 659–660. Because the trial judge has the benefit of observing the course of the proceedings and is familiar

with the parties and attorneys involved, a reviewing court is obligated to defer to the trial court's findings. *Burrell v. Kassicieh* (1998), 128 Ohio App.3d 226, 714 N.E.2d 442. Appellate review of a trial court's decision to impose sanctions pursuant to R.C. 2323.51, and upon whom to impose such sanction, is an abuse-of-discretion standard. *Id.* at 230, 714 N.E.2d at 445. An abuse of discretion occurs when a trial court's decision is unreasonable, arbitrary, or unconscionable and is more than an error in law or judgment. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 5 OBR 481, 482, 450 N.E.2d 1140, 1142.

R.C. 2323.51 sets the requirements and ramifications of committing frivolous conduct in a civil matter. R.C. 2323.51(B)(1) states:

"[T]he court may award court costs, reasonable attorney's fees, and other reasonable expenses incurred in connection with the civil action or appeal to any party to the civil action or appeal who was adversely affected by frivolous conduct."

"Conduct," as defined in R.C. 2323.51(A)(1), includes:

"(a) The filing of a civil action, the assertion of a claim, defense, or other position in connection with a civil action, filing a pleading, motion, or other paper in a civil action, including, but not limited to, a motion or paper filed for discovery purposes, or the taking of any other action in connection with a civil action."

Further defined in R.C. 2323.51(A)(2) is "frivolous conduct":

"(a) Conduct * * * that satisfies any of the following:

"* * *

"(i) It obviously serves merely to harass or maliciously injure another party to the civil action or appeal or is for another improper purpose, including, but not limited to, causing unnecessary delay or a needless increase in the cost of litigation."

In the case *sub judice*, the trial court found three actions of the appellants that constituted frivolous conduct:

"The defendants have participated in frivolous conduct before this Court as defined in R.C. 2323.51(A):

"(a) by filing an answer, motions, affidavits and briefs for improper purposes that caused unnecessary delays and needless increased costs of litigation;

"(b) by making allegations (defenses) that had no evidentiary support at the times they were made, nor did any evidentiary support for the same develop by investigation or discovery through the trial and appeals of this case; and

"(c) by making denials and factual contentions that were not warranted by the evidence, and were not reasonably based on information or belief."

The trial court based these findings on the appellants' conduct throughout the proceedings. The record in this matter adequately supports the findings of the trial court. It cannot be said that the trial court abused its discretion in finding that the appellants participated in frivolous conduct.

Accordingly, the appellants' second assignment of error is overruled.

Assignment of Error No. 3

"The trial court's judgment does not comply with the mandatory requirements and findings of ORC 2323.51 and is therefore invalid."

█ The appellants contend that the trial court failed to follow the requirements mandated by R.C. 2323.51 in order to award attorney fees based on frivolous conduct. For the following reasons, we disagree.

When a court awards attorney fees pursuant to R.C. 2323.51, a hearing must be held "to determine whether particular conduct was frivolous, to determine, if the conduct was frivolous, whether any party was adversely affected by it, and to determine, if an award is to be made, the amount of that award." R.C. 2323.51(B)(2)(a).

The trial court held a hearing in this matter on February 24, 2000. Both parties were present and were provided the opportunity to present evidence on their behalf. At the conclusion of the hearing, the trial court took the matter under advisement to allow the court additional time to review the entire record of the proceedings. On April 17, 2000, the trial court issued a judgment entry finding that the appellants engaged in frivolous conduct, which caused the appellees to expend time and incur attorney fees to obtain the specific performance they sought and to defend the claims and assertions of the appellants. The court found the appellees' attorney fees and legal expenses to be reasonable and necessary and ordered the appellants to pay the appellees $10,823, as well as court costs in the amount of $277. As the judgment entry of the trial court clearly complies with the requirements of R.C. 2323.51(B)(2)(a), the appellants' contention is unfounded.

Accordingly, the appellants' third assignment of error is overruled.

Having found no error prejudicial to the appellants herein, in the particulars assigned and argued, we affirm the judgment of the trial court.

*Judgment affirmed.*

WALTERS and SHAW, JJ., concur.