OPINION
{¶ 1} Appellant, Sandra J. Brenner, appeals from a judgment of the Franklin County Court of Common Pleas, Probate Division, denying her R.C. 2323.51 and Civ.R. 11 motion for sanctions against appellees, Thomas R. Markin and his attorney Roy Nichols. Because the probate court has jurisdiction to determine appellant's motion for sanctions under R.C. 2323.51, and because Civ.R. 11 encompasses the conduct on which the request for sanctions is premised, we reverse.
 {¶ 2} On June 27, 2003, appellant filed an application in the probate court in Fairfield County, Ohio, to be appointed legal guardian for her sister, Edith Elaine Wernick. Wernick objected to the guardianship, and Markin filed an application to be appointed Wernick's guardian. On April 19, 2004, the probate court appointed appellant guardian and dismissed Markin's application, stating that Markin should not serve as guardian "if for no other reason than the fact that he does not really think Ms. Wernick needs a guardian and the Court does not find that he would take the duties of serving as guardian seriously." (April 19, 2004 Entry.)
 {¶ 3} After the matter was transferred to Franklin County, Ohio, Markin filed a second application on February 11, 2005, seeking to be appointed successor guardian. The probate court denied Markin's application, stating "that Thomas Markin is not qualified to be guardian." (April 4, 2005 Entry.) On May 3, 2005, Markin filed a notice of appeal with this court. Appellant filed a motion to dismiss the appeal, but before this court ruled on the motion, Markin filed a notice of voluntary dismissal. Based on Markin's notice of dismissal, we dismissed the appeal, rendering moot appellant's motion to dismiss.
 {¶ 4} On October 4, 2005, appellant filed a motion for sanctions against Markin and Nichols in the probate court pursuant to R.C. 2323.51 and Civ.R. 11, seeking sanctions for appellees' allegedly frivolous appeal of the probate court's judgment denying Markin's application to be successor guardian. The probate court "transferred" the motion to this court, concluding "that the Court of Appeals has proper jurisdiction to rule upon the Motion for Sanctions, pursuant to Ohio Rules of Appellate Procedure Rule 23." (January 30, 2006 Entry.) Finding no authority for the transfer, we sua sponte remanded the matter to the probate court for a determination of appellant's motion. In a judgment entry dated February 17, 2006, the probate court denied appellant's motion, stating "that the Court of Appeals has proper jurisdiction to rule upon the Motion for Sanctions, pursuant to Ohio Rules of Appellate Procedure 23." Appellant appeals, assigning the following errors:
I. The Probate Court Erred in Dismissing Guardian's/Appellant's Motion for Sanctions for Want of Subject Matter Jurisdiction.
II. The Probate Court Erred in Not Determining that the conduct of Thomas R. Markin ("Markin") and Attorney Roy Nichols ("Nichols") was sanctionable.
 {¶ 5} Because appellant's two assignments of error are interrelated, we address them jointly. Together they assert the probate court erred in concluding her motion for sanctions is properly resolved in the court of appeals and in failing to determine it in the probate court. We first consider appellant's motion for sanctions under R.C. 2323.51.
 {¶ 6} R.C. 2323.51(B)(1) provides that "at any time not more than thirty days after the entry of final judgment in a civil action or appeal, any party adversely affected by frivolous conduct may file a motion for an award of court costs, reasonable attorney's fees, and other reasonable expenses incurred in connection with the civil action or appeal." R.C.2323.51(A)(1)(a) defines "conduct" to be "[t]he filing of a civil action, the assertion of a claim, defense, or other position in connection with a civil action, the filing of a pleading, motion, or other paper in a civil action, including, but not limited to, a motion or paper filed for discovery purposes, or the taking of any other action in connection with a civil action." Worded slightly differently, R.C. 2323.51(A)(1)(b) further defines "conduct" to include "[t]he filing by an inmate of a civil actionor appeal against a government entity or employee, the assertion of a claim, defense or other position in connection with a civil action of that nature or the assertion of issues of law in an appeal of that nature, or the taking of any other action in connection with a civil action or appeal of that nature." (Emphasis added.)
 {¶ 7} Premised on the definitions of "conduct" set forth in R.C. 2323.51(A)(1), R.C. 2323.51(A)(2) defines "frivolous conduct" to be either "[c]onduct of an inmate or other party to a civil action, of an inmate who has filed an appeal of the type described in division (A)(1)(b) of this section, or of the inmate's or other party's counsel of record that satisfies" one of the three prongs set forth in R.C. 2323.51(A)(2)(i), (ii), or (iii). The noted definitions suggest that sanctions regarding an appeal are awarded under R.C. 2323.51 for frivolous conduct only when an inmate is the actor, as the statute refers to an appeal only in connection with an inmate. The immediate issue, then, is whether the definitions in R.C. 2323.51(A) encompass the filed and dismissed appeal on which appellant premises her request for sanctions under the statute.
 {¶ 8} A court of appeals generally lacks authority under R.C.2323.51 and Civ.R. 11 to address a request for sanctions based on an allegedly frivolous complaint in the trial court. State exrel. Denlinger v. Douthwaite, Warren App. No. CA2003-04-054,2004-Ohio-2069. A trial court, however, has jurisdiction in certain limited circumstances to award attorney fees as a sanction for frivolous conduct under R.C. 2323.51 against a party who appeals and subsequently dismisses the appeal. Hildreth v.Mims (1990), 70 Ohio App.3d 282.
 {¶ 9} In Hildreth, the tenant filed a motion for reconsideration of the trial court's decision to award the landlord possession of the premises. The trial court denied the motion and ordered the tenant to move out of the premises. The tenant filed a notice of appeal prior to the move-out date and was granted a stay. Once the tenant vacated the premises, she filed a request that the appellate court dismiss her appeal. Premised on the filed and dismissed appeal, the trial court granted the landlord's motion for sanctions under R.C. 2323.51.
 {¶ 10} The tenant on appeal asserted the trial court exceeded its jurisdiction under R.C. 2323.51 in determining that the tenant's filing a notice of appeal constituted frivolous conduct. The appellate court noted that the expansive definition of "conduct" subject to review under R.C. 2323.51 included the "taking of any other action in connection with a civil action."Hildreth concluded "that [the tenant's] filing of a notice of appeal and subsequent dismissal of her appeal clearly constituted the taking of action in connection with the primary civil action." Id. at 287. Accordingly, Hildreth affirmed the award of sanctions.
 {¶ 11} Similarly, appellant here seeks sanctions for appellees' filing a notice of appeal, allegedly refusing to respond to appellant's inquiries about prosecution of the appeal, and then dismissing the appeal. Following the rationale ofHildreth, we likewise conclude that the limited acts of filing a notice of appeal and then requesting dismissal amounts to taking action in connection with the primary civil action. Indeed, no action occurred in the appeal other than to comply with appellees' request that the appeal be dismissed. Accordingly, the probate court erred in concluding it lacked jurisdiction over appellant's motion for sanctions.
 {¶ 12} Because we cannot be certain that the probate court's jurisdictional conclusion is not also based, at least in part, on the timing of appellant's motion, we address that issue as well. R.C. 2323.51 specifies that a motion for sanctions be filed not later than 30 days after the entry of judgment. Appellant's motion was not filed within the specified time frame. If the statutory requirement be jurisdictional, the probate court properly denied appellant's motion.
 {¶ 13} "The * * * time limit contained in R.C. 2323.51 is similar to a statute of limitations or the time constrictions set for many other types of motions and is included to bar stale or retaliatory claims." Mason v. Meyers (2000),140 Ohio App.3d 474, 477, citing Edinger v. DeRail, Inc. (Apr. 12, 1991), Lucas App. No. L-90-158. Mason concluded the time limit contained in R.C. 2323.51, like any other applicable statute of limitations, can be waived for failure to assert it. Id. See, also, Kester v.Rodgers (May 6, 1994), Lake App. No. 93-L-056 (concluding the failure to raise the timeliness of an R.C. 2323.51 sanction request in the trial court waived any potential error); Whitt v.Whitt, Greene App. No. 2003-CA-82, 2004-Ohio-5285 (stating that the limitation period under R.C. 2323.51 "may be waived if a party fails to object"); Thomas v. The City of Cincinnati,
Hamilton App. No. C-050643, 2006-Ohio-3598 (stating that even if a party does not file the motion within 30 days, if the opposing party does not raise the issue, it is waived because the time requirement is not jurisdictional).
 {¶ 14} Here, appellant filed the motion for sanctions on October 4, 2005, but it arguably was due earlier. Because the time limit in R.C. 2323.51 is not jurisdictional, the untimeliness of appellant's motion did not divest the probate court of jurisdiction. Moreover, although appellees filed a memorandum contra in the probate court, they did not assert that the motion was not timely filed. On those facts, the probate court had jurisdiction to determine appellant's motion for sanctions under R.C. 2323.51.
 {¶ 15} Appellant also sought sanctions under Civ.R. 11 for Markin's allegedly frivolous appeal. Civ.R. 11 provides that "[t]he signature of an attorney * * * constitutes a certificate by the attorney * * * that the attorney * * * has read the document; that to the best of the attorney's * * * knowledge, information, and belief there is good ground to support it; and that it is not interposed for delay."
 {¶ 16} While Civ.R. 11 generally does not apply to conduct in the appellate court, Martin v. Ghee, Franklin App. No. 01AP-1380, 2002-Ohio-1621, appellees, in appealing the probate court's judgment, were required to file a notice of appeal in the probate court, signed by appellee Nichols. Because Civ.R. 11 applies to "[e]very pleading, motion, or other document of a party represented by an attorney," we see no reason Civ.R. 11 should not apply to the notice of appeal appellees filed in the probate court in this case. Cf. Pesina v. Kreps, Lucas App. No. L-02-1191, 2002-Ohio-3817, at ¶ 6 (applying Civ.R. 11 to the notice of appeal and stating that "the civil rules also apply in this case, even on appeal, as long as they are not by their nature clearly inapplicable. Civ.R. 1[A], [C]"). The probate court erred in refusing to consider the merits of appellant's Civ.R. 11 motion for sanctions.
 {¶ 17} Accordingly, appellant's two assignments of error are sustained to the extent indicated.
 {¶ 18} As a last resort, appellant urges us to award sanctions pursuant to App.R. 23. Appellant, however, did not file a motion for sanctions under App.R. 23. App.R. 23 provides that "[i]f a court of appeals shall determine that an appeal is frivolous, it may require the appellant to pay reasonable expenses of the appellee including attorney fees and costs." A frivolous appeal is one that presents no reasonable question for review. Parks v. Baltimore Ohio Railroad (1991),77 Ohio App.3d 426, citing Talbott v. Fountas (1984),16 Ohio App.3d 226. A case sets forth "no basis for finding that no reasonable question [is] presented for review when an appeal is dismissed without any consideration of the merits." Parks, at 429.
 {¶ 19} Here, Markin and Nichols filed a notice of voluntary dismissal; this court, pursuant to appellees' request, dismissed the appeal. Because we did not consider the merits, we have no basis under the circumstances of this case to impose sanctions under App.R. 23. Appellant, however, has recourse pursuant to R.C. 2323.51 and Civ.R. 11 under our dispositions of her assigned errors.
 {¶ 20} Having sustained appellant's two assignments of error to the extent indicated, we reverse the judgment of the probate court and remand for further proceedings consistent with this opinion.
Judgment reversed and case remanded.
Brown and French, JJ., concur.