[Cite as *217 Williams, L.L.C. v. Worthen*, 2019-Ohio-2559.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| 217 WILLIAMS, LLC, | : | APPEAL NO. C-180101 |
| Plaintiff-Appellee, | : | TRIAL NOS. 17CV-14229<br>17CV-14239 |
| vs. | : | |
| STEWART LEE WORTHEN, | : | *O P I N I O N.* |
| Defendant, | : | |
| and | : | |
| JOHN H. FORG, | : | |
| Appellant. | : | |

Civil Appeal From: Hamilton County Municipal Court

Judgment Appealed From Is: Affirmed

Date of Judgment Entry on Appeal: June 26, 2019

*Crawford Glanker, LLC*, and *John R. Glankler*, for Plaintiff-Appellee,

*Ted L. Wills*, for Appellant.

**WINKLER, Judge.**

{¶1} Appellant-attorney John H. Forg appeals the judgment of the Hamilton County Municipal Court awarding sanctions in the form of attorney fees to plaintiff-appellee 217 Williams, LLC, ("appellee"). Because the court did not abuse its discretion by awarding fees, we affirm.

### The Lawsuits

{¶2} On June 30, 2017, the appellee filed an action for forcible entry and detainer and money damages against Stewart Worthen, Forg's client and the appellee's tenant, for Worthen's nonpayment of his portion of June rent and fees related to the late payment of May's rent. Worthen, who received a housing voucher from the Cincinnati Metropolitan Housing Authority ("CMHA") due to a disability, was obligated in June to pay $172 of the contractual rent of $571. Also on June 30, Worthen's lease terminated, consistent with the notice of nonrenewal that the appellee had provided Worthen more than 30 days prior. The same day, Worthen filed an action claiming that the termination of his month-to-month tenancy was in retaliation for his complaints to CMHA about various issues. Worthen's complaint for retaliation contained a jury demand.

{¶3} Worthen paid his June rent into escrow on July 13 and answered the appellee's complaint by denying the nonpayment of rent and raising the defense of a retaliatory eviction.

{¶4} The appellee's cause of action for forcible entry and detainer was scheduled to be heard in July 2017 before a magistrate. At Worthen's request, the two cases were consolidated and continued indefinitely, but the magistrate ordered Worthen to pay into the court the unsubsidized amount of $172 by July 31 for July's

rent and the entire contract amount of $571 by the 5th day of each subsequent month thereafter, beginning in August, until the resolution of the claims. Although the record does not contain a transcript from that hearing, the parties agree that the magistrate ordered the higher rent amount because CMHA had stopped making Worthen's subsidy payments for that apartment after the appellee had notified CMHA that Worthen's lease would not be renewed.

{¶5}   Worthen failed to pay July's rent into escrow by July 31, and on August 2, the appellee moved for an immediate hearing on the forcible entry and detainer claim so that it could take possession of the apartment unit.

{¶6}   In response, Forg, on behalf of Worthen, filed objections to the part of the magistrate's July 28 order requiring a rent bond in the amount of $571 beginning in August and requested a stay. Forg indicated in the introduction to the objections that the document was filed pursuant to Loc.R. XXIV of the Hamilton County Municipal Court ("Loc.R. XXIV"). Forg additionally amended Worthen's complaint to add claims alleging that the appellee and its general manager, Christopher Dixon, had discriminated against Worthen due to his disability in violation of R.C. Chapter 4112. If successful, these claims would jeopardize the appellee's contracts with CMHA. In addition to a general allegation of discrimination, the amended complaint contained a specific allegation that the appellee and Dixon had discriminated against Worthen by seeking a rent bond for the full contract amount with knowledge that Worthen was disabled and therefore could not afford to pay the contract amount.

{¶7}   On August 14, the appellee and Dixon moved to dismiss Worthen's amended complaint, in part due to Worthen's failure to state a claim for relief for unlawful discriminatory treatment. On the same date, Worthen finally made an

escrowed payment for July's rent, but he did not make a payment for August's rent in any amount, even though the magistrate's rent bond order was never stayed.

{¶8} On August 18, the court notified the parties that a hearing had been scheduled on the pending matters, including the appellee's motion to proceed with the forcible entry and detainer claim. When Forg appeared at the hearing on August 30, he told the trial judge that he had filed a grievance against the judge based on conduct in an unrelated case and contended the judge was required to recuse. The judge continued the case for a week to research the issue. The following day, Worthen made an escrowed payment, but only in the amount of his unsubsidized rent. Forg filed an Affidavit of Disqualification with the Ohio Supreme Court, staying the case. The Supreme Court dismissed the affidavit on the ground that it was not timely filed.

{¶9} Subsequently, the trial judge, after a hearing, overruled Worthen's objections to the continuance bond. As Worthen had failed to comply with the terms of the continuance bond, the judge granted the appellee's motion to set a date for a forcible entry and detainer hearing. Forg then filed a second Affidavit of Disqualification with the Ohio Supreme Court, in which he explained the lateness of his first affidavit. The Supreme Court accepted the filing as timely but denied the affidavit on the merits.

{¶10} The forcible entry and detainer cause of action was tried before a magistrate on October 10 and judgment was entered for the appellee granting restitution of the premises for the nonpayment of rent. Worthen was set out on October 20. After the set out, Forg, on behalf of Worthen, voluntarily dismissed Worthen's complaint, and Worthen admitted to Dixon that his attorney had "tak[en]

4

these legal actions in order to buy him more time" in the apartment. The appellee moved for sanctions against Forg and Worthen under R.C. 2323.51 and Civ.R. 11.

{¶11} The case then proceeded to a hearing before the judge on the appellee's cause of action for damages, which resulted in a judgment for the appellee and against Worthen in the amount of $4165.84.

{¶12} Later, the court considered the appellee's motion for sanctions. At the sanctions hearing, Dixon testified to Worthen's comments about Forg's intent to delay the eviction process. Forg objected to this testimony on hearsay grounds, but later withdrew the objection. Finding frivolous conduct, the trial court granted the appellee's motion and imposed sanctions jointly and severally against Worthen and Forg under R.C. 2323.51, concluding

> that Defendant and his attorney, Mr. Forg, engaged in frivolous conduct throughout their handling of the case and that Plaintiff was adversely affected by it. Specifically, by filing objections without any basis in law and that were not filed in accordance with [the] local rules, and by filing a second amended complaint alleging discriminatory treatment of Defendant by Plaintiff without any evidentiary basis, Defendant and Forg intentionally protracted these proceedings with the stated purpose of delaying the eviction of Mr. Worthen, allowing him to remain on Plaintiff's property.

{¶13} The amount of sanctions the trial court awarded, $2464.35, was equal to the amount of attorney fees the appellee sought for Worthen's and Forg's frivolous conduct. The court declined to sanction Forg in an amount equal to the rent the appellee had lost because of the delayed eviction, although the appellee had

requested those sums as expenses, claiming they were incurred and necessitated due to Forg's frivolous conduct. Forg now appeals the award of attorney fees. Worthen does not appeal.

## The Appeal of Sanctions

{¶14} In his sole assignment of error, Forg contends the trial court erred by awarding sanctions against him under R.C. 2323.51(A) for frivolous conduct.

{¶15} R.C. 2323.51 permits a trial court to award sanctions to any party in a civil action adversely affected by frivolous conduct. The determination to award sanctions involves a three-step process. The court must determine whether the challenged conduct involved frivolous conduct, whether another party was adversely affected by it, and, finally, the amount of sanctions to award, if any. *Bowling v. Stafford & Stafford Co., L.P.A.*, 1st Dist. Hamilton No. C-090565, 2010-Ohio-2769, ¶ 10. Sanctions for frivolous conduct may include reasonable attorney fees. R.C. 2323.51(B)(1). Specifically, a party may recover the attorney fees it expended in a civil action in which frivolous conduct occurred, not just the attorney fees expended as a result of the frivolous conduct. *Bowling* at ¶ 14. A previous version of the statute limited an award of attorney fees to those both reasonably incurred by a party and " 'necessitated by the frivolous conduct.' " *Id.*

## Standard of Review

{¶16} The standard of review to be applied to a trial court's decision to grant sanctions under R.C. 2323.51 depends on whether there are questions of law or of fact, or whether there are mixed questions of law and fact. *Bowling* at ¶ 8. For purely legal questions, the appellate court applies a de novo standard of review. In contrast, an appellate court may not disturb a trial court's findings of fact if the

6

record contains competent, credible evidence to support those findings. *Id.*; *Gauthier v. Gauthier*, 1st Dist. Hamilton Nos. C-170387 and C-170398, 2018-Ohio-4970, ¶ 15.

{¶17} The ultimate decision as to whether to grant sanctions under R.C. 2323.51, including attorney fees, rests in the sound discretion of the trial court. *Bowling* at ¶ 8. That decision will not be disturbed on appeal absent an abuse of that discretion, which means the trial court's attitude was arbitrary, unreasonable or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶18} R.C. 2323.51(A)(2)(a) defines frivolous conduct as "conduct" by a "party to a civil action" or the "party's counsel of record" that meets at least one of four conditions because the conduct

> (i) [] obviously serves merely to harass or maliciously injure another party to the civil action or appeal or is for another improper purpose, including, but not limited to, causing unnecessary delay or a needless increase in the cost of litigation[;]

> (ii) [] is not warranted under existing law, cannot be supported by a good faith argument for an extension, modification, or reversal of existing law, or cannot be supported by a good faith argument for the establishment of new law[;]

> (iii) [] consists of allegations or other factual contentions that have no evidentiary support or, if specifically so identified, are unlikely to have evidentiary support after a reasonable opportunity for further investigation or discovery[;] [or]

7

(iv) [] consists of denials or factual contentions that are not warranted by the evidence or, if specifically so identified, are not reasonably based on a lack of information or belief.

R.C. 2323.51(A)(2)(a).

{¶19} The language used by the court in its decision demonstrates that it found Forg's conduct frivolous under the first category, R.C. 2323.51(A)(2)(a)(i), because Forg's actions were undertaken for the improper purpose of unnecessarily delaying the eviction proceeding, which had been continued from July on Worthen's behalf and was the subject of the appellee's August 2 motion for an immediate hearing on the forcible entry and detainer claim, after Worthen had failed to comply with the magistrate's order to pay July rent.

{¶20} Forg challenges the sufficiency of the evidence to support the finding of frivolous conduct. In a making this argument, he contends that the standards for frivolous conduct under R.C. 2323.51(A)(2)(a)(ii) and (iii) were not met. But a court may determine that counsel engaged in frivolous conduct under R.C. 2323.51(A)(2)(a)(i) where the evidence clearly shows that counsel pursued an action in connection with a lawsuit for an improper purpose, even if counsel may have had a legal foundation for the action. *See Hildreth v. Mims*, 70 Ohio App.3d 282, 289, 590 N.E.2d 1353 (8th Dist.1990).

{¶21} In *Mims*, a tenant in an eviction action filed a motion for reconsideration of the trial court's denial of the tenant's motion for relief from a judgment awarding the landlord possession of the premises. Before denying the tenant's motion for reconsideration, the court had ordered a stay of the eviction. During this time, counsel for the tenant told counsel for the landlord that if the

landlord did not permit the tenant to remain on the premises for at least two months, and the trial court failed to set aside the eviction judgment, the tenant would appeal. Consistent with this statement, after the trial court refused to reconsider the denial of the tenant's motion to set aside the eviction, tenant's counsel appealed, purportedly due to a "mistake in the interpretation of the facts and the law," and obtained another stay. Counsel dismissed the appeal, however, once the tenant found a place to live and moved out of the premises. The landlord then successfully moved for sanctions. The trial court found sanctions warranted for frivolous conduct as defined under R.C. 2323.51(A)(2)(a), now incorporated in R.C. 2323.51(A)(2)(a)(i), because the tenant's counsel's actions had been "calculated to annoy, harass and maliciously injury the landlord in the performance of her right to regain possession." *Id.* at 285.

{¶22} The tenant appealed the award of fees, claiming the finding of frivolous conduct was not supported by sufficient evidence. The appellate court affirmed, concluding the evidence showed that counsel on behalf of the tenant had "acted in bad faith by pursuing an appeal which may have had a legal foundation but which was not pursued for that purpose." *Id.* at 289.

{¶23} As *Mims* demonstrates, a claim of frivolous conduct under R.C. 2323.51(A)(2)(a)(i) depends upon a wrongful purpose. *See id. See also NationsRent v. Michael Constr. Co.*, 9th Dist. Summit No. 20755, 2002 WL 462866, *3 (Mar. 27, 2002).

{¶24} A finding of frivolous conduct under R.C. 2323.51(A)(2)(a)(i) might not be sustainable, however, where the trial court had ruled for the allegedly frivolous party in the dispute. *Ruffian, LLC v. Hayes*, 10th Dist. Franklin No. 09AP-

948, 2011-Ohio-831. *Ruffian* involved a dispute over a settlement agreement negotiated by Ruffian, LLC, and D. Thomas Hayes. The trial court found a settlement agreement existed between the parties and adopted some of Hayes's substantive positions with respect to the terms of that agreement. Despite adopting some of Hayes's positions, the court found that Hayes and his attorney had engaged in frivolous conduct under R.C. 2323.51(A)(2)(a)(i) and awarded Ruffian attorney fees. The trial court specified that Hayes and his counsel's conduct in repudiating the agreement and filing a series of documents that challenged Ruffian's interpretation of the agreement "served merely to harass Ruffian, unnecessarily and unreasonably prolonged the litigation, and increased Ruffian's litigation costs." *Id.* at ¶ 12.

{¶25} Hayes appealed the award of sanctions, contending that it was error for the trial court to have found that his conduct in litigating the dispute obviously served merely to harass or maliciously injure Ruffian or was for another improper purpose where the trial court also determined that some of his positions had merit. The Tenth District Court of Appeals reversed the award of fees, holding that the trial court's finding of frivolous conduct was not supported by the evidence because the trial court had found for Hayes on portions of the dispute. *Id.* at ¶ 39-40.

{¶26} This case is distinguishable from *Ruffian*, because the trial court did not find for Worthen on any portion of the dispute. Instead, the court overruled Worthen's objections and later indicated the objections lacked "any basis in law" and "were not filed in accordance with [the] local rules," evicted Worthen based on his nonpayment of rent, awarded damages to the appellee, and specifically determined that Worthen's discrimination claim lacked "any evidentiary basis."

{¶27} Forg does not point to any part of the dispute that the trial court resolved in favor of Worthen. Instead, he cites the trial court's oral statement to the parties and attorneys after the damages hearing. The court at that time indicated that "both counsel have done an excellent job throughout," and "it's taken longer than the statute and the local rules envision, but that happens," and, finally, the case was "done in what I consider a reasonable amount of time." These general comments by the trial court, when viewed in context, were a reference to the recusal issue, and do not show the trial court agreed with any of Forg's arguments or otherwise undermine the court's finding of frivolous conduct. Notably, after making these statements, the court then specifically addressed Forg's argument claiming that Worthen owed no damages for unpaid rent. Summarizing Forg's position as "once an eviction is filed the tenant can simply proceed to live there without paying rent," the court characterized it as "absurd" and chided Forg for claiming that he had case law to support this crucial issue but had merely failed to bring those cases to the damages hearing.

{¶28} The trial court in this case did not find for Worthen on any portion of the dispute. Nonetheless, we must determine whether the record contains competent, credible evidence to support the trial court's finding that Forg had engaged in frivolous conduct by protracting the proceedings for the obvious purpose of unnecessarily delaying Worthen's eviction. The trial court based its finding of frivolous conduct on the disclosure by Forg's client that Forg's actions were designed to buy the client more time, and Forg's filing of the objections and the discrimination claim after the appellee had moved to reset the eviction hearing because Worthen had failed to comply with the magistrate's order to pay the July rent into escrow.

**Evidence of Frivolous Conduct under R.C. 2323.51(A)(2)(a)(i)**

{¶29} *Statement on Forg's purpose to delay the eviction.* In the trial court, Forg had challenged the admission of the statement concerning his purpose to delay, but he later withdrew his objection. On appeal, he does not challenge the trial court's consideration of this statement, but argues the statement was not sufficient to establish frivolous conduct under R.C. 2323.51(A)(2)(a)(i) because the other circumstances cited by the trial court did not demonstrate frivolous conduct.

{¶30} *Failure to file a transcript.* Forg argues that the trial court erred by using the failure to file a transcript with the objections as a circumstance contributing to the frivolous conduct finding. According to Forg, a transcript was not required under the local rules. We reject Forg's argument for several reasons.

{¶31} First, the trial court in its written decision granting the appellee's motion for sanctions did not specify that Forg had erroneously failed to file a transcript. Instead, the court indicated that the objections "were not filed in accordance with [the] local rules."

{¶32} Second, even if the trial court was referring to Forg's failure to file a transcript, that circumstance did support the finding that Forg had acted with purpose to unnecessarily delay the eviction. The facts show that Forg had indicated to the court in the document containing the objections that the filing was authorized by Loc.R. XXIV. This rule allows the filing of written objections to a magistrate's eviction decision within seven days of the filing of the decision and expressly provides that the objecting party "shall" also file within that seven-day period a transcript of all the evidence submitted to the magistrate. Thus, by not filing a

transcript, Forg did not follow the procedure set forth in the local rule he relied upon to file the objections.

{¶33} We question whether Loc.R. XXIV and its transcript requirement actually applied, as Forg did not file objections to a magistrate's "eviction decision" as contemplated under Loc.R. XXIV. Instead, he objected to a magistrate's order that in part set a bond amount. But this circumstance does not undermine the trial court's finding that Forg's had misused Loc.R. XXIV and that that misuse had been designed to delay the eviction.

{¶34} *Legal merits of the objections.* Next Forg contends the trial court erred by concluding that his objections had no basis in law because he made a claim for a lower rent bond in accordance with *Brown v. Fay Apartments*, 62 Ohio Misc.2d 188, 594 N.E.2d 190 (M.C.1991). In *Fay Apartments*, the plaintiff was a tenant in a federally subsidized housing complex and paid only $56 of a contractual rent rate of $259 each month to her landlord Fay Apartments. A fire rendered the apartment uninhabitable for two months, and after repairs were completed, the landlord refused to rehouse the tenant. As a result, the tenant filed a lawsuit against her landlord, and the landlord filed a counterclaim for eviction and requested the tenant pay a bond based on R.C. 1923.08. At the bond hearing, the parties were in agreement that the landlord would house the tenant pending the resolution of the case and that the government would continue to pay the subsidized portion of the tenant's rent. Based on those factors, the Hamilton County Municipal Court ordered that the tenant pay only the nonsubsidized portion of the contract rent as bond.

{¶35} Forg argues his argument was warranted under *Fay Apartments*. We agree with the trial court's determination that Forg's *Fay Apartments*-based

objection had no basis in law, because in this case, unlike in *Fay Apartments*, the government was no longer paying the subsidized portion of the tenant's rent.

{¶36} Forg argues also that his objection challenging the magistrate's order that Worthen pay July rent into the court was meritorious because R.C. 1923.08, which governs continuance bonds in eviction cases, does not authorize the payment of past due rent. We reject this argument because Forg did not actually raise it in his objections. Instead, Forg argued that "Plaintiff's request for rent bond for the August 2017 rent is an improper attempt to receive money damages under its second cause of action." Forg's objections did not address the magistrate's requirement that Worthen pay into escrow July rent, which presumptively was ordered under R.C. 1923.061(B), and not R.C 1923.08.

{¶37} *Discrimination claim lacked an evidentiary basis.* Forg challenges the trial court's conclusion that his discrimination claim lacked an evidentiary basis, contending that the record amply supports the allegation that Worthen was disabled. The relevant inquiry, however, was not whether Worthen was disabled, but whether there was any evidence that the appellee and Dixon had discriminated against him because of his disability in violation of R.C. Chapter 4112. Here, the evidence considered by the trial court showed only that the appellee lawfully terminated Worthen's lease at the end of May—after Worthen had paid May rent late, had failed to notify the appellee about a leak in his unit, and had obstructed the appellee from repairing the leak—and had lawfully evicted him for failure to pay rent. There was no evidence that the appellee or Dixon had discriminated against Worthen based on his disability, and Worthen's specific allegations that referenced Worthen's limited income failed to even state a claim for relief for disability-based discrimination.

{¶38} *Deference to the trial court's finding of improper purpose.* In reviewing Forg's challenge, we must consider that a finding that certain conduct was engaged in clearly for the improper purpose of causing unnecessary delay is generally a factual determination best suited for the trial judge, who will be most familiar with the parties and attorneys involved after observing the entire course of proceedings. *Schiff v. Dickson*, 2013-Ohio-5253, 4 N.E.3d 433, ¶ 9 (8th Dist.), quoting *Lable & Co. v. Flowers*, 104 Ohio App.3d 227, 233, 661 N.E.2d 782 (9th Dist.1995). Therefore, we give deference to the trial court's judgment regarding such issues, and applying that deference to the record before us, we determine the trial court's finding of frivolous conduct was supported by competent, credible evidence.

### Discretion to Award Attorney Fees Not Abused

{¶39} Finally, Forg argues that the award of attorney fees to the appellee was an abuse of discretion because counsel for the appellee had allegedly misrepresented some facts during the trial court proceedings. We note, however, that Forg failed during the proceedings below to correct these alleged misrepresentations, and he cannot show how these claimed misrepresentations affected the trial court's judgment and rendered the award of sanctions an abuse of discretion. *See Bowling*, 1st Dist. Hamilton No. C-090565, 2010-Ohio-2769, at ¶ 8.

### Conclusion

{¶40} Upon our review of the record, we hold the finding of frivolous conduct was supported by competent, credible evidence, and the trial court did not abuse its discretion in awarding the attorney fees against Forg. Accordingly, we overrule the assignment of error and affirm the trial court's judgment.

Judgment affirmed.

15

**MYERS, P.J.,** and **CROUSE, J.,** concur.


Please note:

The court has recorded its own entry on the date of the release of this opinion.