[Cite as *State v. Pate*, 2014-Ohio-2029.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NOS. C-130490 |
| | | C-130492 |
| Plaintiff-Appellant, | : | TRIAL NOS. 12TRC-8709 A |
| | | 12TRC-8709 C |
| vs. | : | |
| | | *O P I N I O N.* |
| AMANDA PATE, | : | |
| Defendant-Appellee. | : | |

Criminal Appeals From: Hamilton County Municipal Court

Judgments Appealed From Are: Affirmed

Date of Judgment Entry on Appeal:  May 14, 2014

*Terry Nestor*, Interim City Solicitor, *Charles A. Rubenstein*, City Prosecutor, and *Melanie Reising*, Senior Assistant City Prosecutor, for Plaintiff-Appellant,

*Steven R. Adams* and *Marguerite Slagle*, for Defendant-Appellee.

Please note:  this case has been removed from the accelerated calendar.

**DEWINE, Judge.**

{¶1}     Before us are related appeals by the state from a trial court decision that granted a motion to suppress in a case involving drunk driving and traffic charges.   The state did not request findings of fact in the proceeding below, and no findings were issued by the trial court.  Absent such factual findings, we are limited in our review to a determination of whether there is "sufficient evidence" in the record to support the trial court's legal conclusions that led to the granting of the motion.  We conclude that the record does contain sufficient evidence to justify the court's ruling, so we affirm.

I.

{¶2}     Around 2:00 a.m. on February 20, 2012, Officer Brent Eve pulled over a car driven by defendant-appellee Amanda Pate.  Officer Eve testified that he made the stop because Ms. Pate was driving without her headlights on.  When he approached Ms. Pate's car and asked for her driver's license, he smelled alcohol.  Ms. Pate told Officer Eve that she had had two beers earlier in the evening.

{¶3}     While she was still in the car, Officer Eve requested that Ms. Pate close her eyes, tilt her head back and recite the alphabet.  Officer Eve testified that Ms. Pate "did okay" reciting the alphabet.  Nonetheless, Officer Eve asked Ms. Pate to exit her car and perform field-sobriety tests.  According to Officer Eve, Ms. Pate did not perform the first test—the walk-and-turn test—correctly.  Instead, she "stepped off the [imaginary] line four times [while being instructed]," "turned incorrectly and stumbled a little bit when she turned," and "did not touch heel to toe."  On the one-leg-stand test, Ms. Pate put her leg down and stopped counting when she reached "three."  But when instructed to continue the test, she lifted her foot and resumed counting to 14.  Officer Eve noted that Ms. Pate "was also swaying while she was performing the test while trying to

2

balance." Finally, Officer Eve again asked Ms. Pate to recite the alphabet. This time she did the test while outside her car. Officer Eve noted that Ms. Pate swayed slightly while reciting the alphabet, but that she kept her balance and did recite the alphabet in correct order. Based on her performance of the field-sobriety tests, Officer Eve arrested Ms. Pate for OVI.

{¶4} Upon cross-examination, Officer Eve agreed that Ms. Pate was able to exit her car without staggering, stumbling or falling, and that she was alert and coherent. He was unable to say how much Ms. Pate swayed during the one-leg-stand test. With respect to the walk-and-turn test, Officer Eve testified that he did not know that the National Highway Traffic Safety Administration, which certified his training in OVI detection, permitted a space one-half inch between the suspect's heel and toe during the test. He was unable to recall how far Ms. Pate's toe had been from her heel during the walk-and-turn test.

{¶5} Ms. Pate's attorney in cross-examination vigorously challenged Officer Eve's assertion that her headlights were not on at the time she was stopped, asserting that the videotape demonstrated that both headlights were on. Officer Eve was adamant that Ms. Pate's headlights were not on, stating that his testimony was corroborated by the video of the incident. At the close of testimony, counsel urged the court to independently review the videotape, asserting that it was "crystal clear" from the video that her headlights were on.

{¶6} The trial court continued the hearing so that it could watch the video. Following its review, the court granted the motion to suppress, noting on the judge's sheet "[n]o probable cause as to the stop and no probable cause for the issue of impairment." The state now appeals.

II.

{¶7} In its sole assignment of error, the state asserts that the trial court erred when it granted Ms. Pate's motion to suppress. The state contends that the trial court incorrectly concluded that Officer Eve did not have probable cause to stop Ms. Pate and that he did not have probable cause to arrest her for driving while under the influence of alcohol. Before considering the court's decision, we must discuss the state of the record before us and our ensuing review.

{¶8} The trial court did not place on record any findings of fact. This is contrary to Crim.R. 12(F), which requires that "[w]here factual issues are involved in determining a motion, the court shall state its essential findings on the record." But the Supreme Court has told us that "a trial court's failure to place of record the findings of fact essential to its disposition of a motion will not provide a basis for reversal on appeal in the absence of a timely request for such findings." *State v. Brown*, 64 Ohio St.3d 476, 481, 597 N.E.2d 97 (1992). Rather, to "invoke the rule," a party "must request that the court state its essential findings of fact in support of its denial of a motion." *State v. Eley*, 77 Ohio St.3d 174, 179, 672 N.E.2d 640 (1996). In this case, the state did not request findings.

{¶9} Ordinarily, we defer to the trial court's factual findings if they are supported by competent and credible evidence, but we review de novo the trial court's application of the law to those facts. *State v. Burnside*, 100 Ohio St.3d 152, 2003-Ohio-5372, 797 N.E.2d 71, ¶ 8. The challenge in this case is that there are no explicit findings of fact for us to review.

{¶10} The Ohio Supreme Court dealt with a similar situation in *State v. Brown*, a case in which the trial court neglected to place on the record its findings when denying a motion to dismiss for lack of a speedy trial. The appellate court had held that,

4

because the trial court did not make findings of fact, there was nothing in the record to verify the existence of a parole holder. That court, on that basis, overturned the defendant's conviction. *Brown* at 476. The Ohio Supreme Court reversed, concluding that the appellate court erred in reversing the conviction because, despite the lack of the findings of fact, there was "sufficient evidence demonstrating that the trial court's decision was legally justified and supported by the record." *Id.* at 482.

{¶11} We followed *Brown* in the context of a denial of a motion to suppress in *State v. Shields*, 1st Dist. Hamilton No. C-100362, 2011-Ohio-1912. The issue in that case was whether the defendant's waiver of his *Miranda* rights was involuntary because of police coercion. We determined that because no findings of fact were made by the court, we would "directly examine the record to determine whether there [was] sufficient evidence to demonstrate that the trial court's decision was supported by the record and legally justified." *Id. at* ¶ 9. Upon review of the record, we found that based on the testimony presented by a police officer "there was sufficient evidence to deny the motion." *Id.* at ¶ 12.

{¶12} Other districts have similarly followed *Brown* to apply a sufficient evidence standard in reviewing a motion to suppress where the record does not contain findings of fact. *See State v. Azcona*, 4th Dist. Athens No. 97 CA 21, 1998 Ohio App. LEXIS 1095 (Mar. 6, 1998); *State v. West*, 8th Dist. Cuyahoga No. 87234, 2006-Ohio-4267; *State v. Scandreth,* 11th Dist. Trumbull No. 2009-T-0039, 2009-Ohio-5768. *But see State v. Brown*, 2d Dist. Montgomery No. 24297, 2012-Ohio-195 (case remanded because appellate court could not review absent findings of fact).

{¶13} Here, the trial court based its suppression decision on two independent grounds, finding that both the initial stop and the subsequent arrest were not legally

justified. Applying *Brown*, we do not weigh the evidence; we simply determine if there is evidence in the record sufficient to support the trial court's decision.

{¶14}   ***The Initial Stop.***   Officer Eve's only justification for stopping Ms. Pate was that her headlights were not on.  He testified that Ms. Pate did not speed, cross the center line or drive erratically.  In assessing the propriety of the initial stop, the question before the trial court was a simple one:  did it find credible Officer Eve's assertion that he stopped Ms. Pate because her headlights were out?   The trial court reviewed the videotape and granted the motion to suppress the stop.  Obviously implicit in the court's decision was a determination that the video contradicted the officer's testimony.  We have reviewed the video and do not find the trial court's decision to be unsupported by the videotape.

{¶15}   The state points out that the court on the judge's sheet wrote "no probable cause to stop."   The proper legal standard for a traffic stop is "reasonable suspicion" of criminal activity, not probable cause.  But under the facts of this case, we conclude that the mistake did not impact the court's ultimate decision.  It is plain that the court did not credit Officer Eve's testimony that Ms. Pate's headlights were not on. Absent the headlight violation, Officer Eve had no reasonable suspicion of any criminal activity on Ms. Pate's part.

{¶16}   Thus, our review of the record leads us to conclude that there exists sufficient evidence to support the granting of the motion as to the initial stop.  Though this conclusion is enough for us to affirm the trial court, we also turn to the second basis of the trial court's decision—the finding of lack of probable cause to arrest.

{¶17}   ***The Arrest.***  In deciding whether Officer Eve had probable cause to arrest Ms. Pate for OVI, the court needed to determine if "at the moment of the arrest, [Officer Eve] had sufficient information, derived from a reasonably trustworthy

source of facts and circumstances, sufficient to cause a prudent person to believe that the suspect was driving under the influence." *Cincinnati v. Bryant,* 1st Dist. Hamilton No. C-090546, 2010-Ohio-4474, ¶ 15, quoting *State v. Homan,* 89 Ohio St.3d 421, 427, 732 N.E.2d 952 (2000).

{¶18} Officer Eve testified about each field-sobriety test Ms. Pate performed. Despite the state's contention that Ms. Pate failed the tests, Officer Eve equivocated while testifying about Ms. Pate's performance. He testified Ms. Pate swayed slightly but remained balanced while reciting the alphabet, and put her foot down once but completed the one-leg-stand test otherwise satisfactorily. In addition, Officer Eve stated that Ms. Pate did not have bloodshot or glassy eyes, but she did have watery eyes. The videotape supports Officer Eve's testimony that Ms. Pate did not stagger, stumble or fall after she had exited her car and that her speech was not slurred or mumbled.

{¶19} The trial court's conclusion that no probable cause existed to arrest Ms. Pate necessarily required it to find that Officer Eve did not have information sufficient to cause a prudent person to believe Ms. Pate was driving under the influence. Having reviewed the record, we conclude that there was sufficient evidence in the record to support such a finding.

{¶20} The state's sole assignment of error is overruled, and we therefore affirm the judgments of the trial court.

Judgments affirmed.

**HENDON, P.J.,** and **FISCHER, J.,** concur.

Please note:

The court has recorded its own entry on the date of the release of this opinion.