[Cite as *Milatz v. Cincinnati*, 2019-Ohio-3938.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

MARGARET MILATZ,

    Plaintiff-Appellant,

 vs.

CITY OF CINCINNATI, OHIO,

CINCINNATI USA REGIONAL
CHAMBER OF COMMERCE,

   and

LOUD AND CLEAR, INC.,

   Defendants-Appellees.

:
:
:
:
:
:
:
:
:
:

APPEAL NO. C-180272
TRIAL NO. A-1603564

*O P I N I O N.*

Civil Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Affirmed

Date of Judgment Entry on Appeal: September 27, 2019

*Brannon & Associates, Dwight D. Brannon* and *Matthew C. Schultz*, for Plaintiff-Appellant,

*Paula Boggs Muething,* City Solicitor, and *Peter J. Stackpole,* Deputy City Solicitor, for Defendant-Appellee City of Cincinnati, Ohio,

*Douglas J. May*, for Defendant-Appellee Cincinnati USA Regional Chamber of Commerce,

*Reminger Co., L.P.A.,* and *Ian D. Mitchell,* for Defendant-Appellee Loud and Clear, Inc.

**BERGERON, Judge.**

{¶1}   A night at Oktoberfest in downtown Cincinnati went awry when a patron fell and injured herself.  As the culprit for the fall, the patron zeroed in on a safety utility box (placed over wires on the ground to prevent people from tripping), which appeared haphazardly assembled when the patron returned to the scene a day after the accident.  In the ensuing lawsuit, the trial court granted summary judgment based on the "open and obvious" nature of the box—a conclusion that the plaintiff does not seriously dispute at this point.  Instead, she claims that attendant circumstances distracted her attention, thereby granting her entitlement to a trial.  But her position would represent a substantial expansion of the attendant-circumstances doctrine, which is a step we are unwilling to take on this record, particularly in light of the lack of evidence of actual causation.  For the reasons detailed below, we affirm the grant of summary judgment.

I.

{¶2}   In September 2015, plaintiff-appellant Margaret Milatz traveled to Cincinnati to attend the annual Oktoberfest celebration with a friend.  Enjoying the festival (and the funnel cake she was holding), the night ended abruptly when Ms. Milatz fell and injured herself.  After picking herself up off of the ground, she noticed pain in her chest and that her sandal strap had snapped apart.  Embarrassed by the episode and in pain, Ms. Milatz decided to leave the event with her friend and returned to her hotel.

{¶3}   The next day, Ms. Milatz returned to the scene of the accident and took pictures of an incorrectly-assembled safety utility box, which she believed caused her fall.  Scattered throughout the event, safety utility boxes covered the cables supplying power to the various vendor booths and event stages.  These boxes consisted of

2

raised, elongated rectangles with sloped edges which allowed the power cables running along the ground to fit safely underneath (to prevent tripping). Covered in bright yellow to attract attention, the top of the box also contained an anti-skid, texturized surface. Ms. Milatz's photograph of the scene depicted an incorrectly assembled box. Instead of the power cables running neatly underneath the box, the top of the safety utility box had popped open, allowing the power cables to spill out. Because sometimes a picture is worth a thousand words, we include a photo below.



{¶4} Based on her observations, Ms. Milatz brought suit alleging negligence against the organizers of Oktoberfest, the city of Cincinnati and the Cincinnati USA Regional Chamber of Commerce (the "Chamber"), as well as Loud and Clear, Inc., the independent contractor that assembled the safety utility boxes. Though Loud and Clear initially missed the deadline for filing its answer to the complaint, the trial court granted it leave to submit its answer out of time. Eventually, all three parties moved for summary judgment, which the court granted. The court concluded that the safety utility box constituted an "open and obvious" hazard, negating any duty that the parties owed to Ms. Milatz.

{¶5} Ms. Milatz now appeals from the grant of summary judgment, raising two assignments of error. She challenges the grant of summary judgment as

erroneously premised on the "open and obvious" doctrine and additionally challenges as improper the grant of leave to Loud and Clear to file its answer out of time.

II.

A.

{¶6} Construing the facts in the light most favorable to Ms. Milatz, summary judgment is appropriate where no genuine question of material fact exists and the moving party is entitled to judgment as a matter of law. *See Armstrong v. Best Buy Co., Inc.*, 99 Ohio St.3d 79, 2003-Ohio-2573, 788 N.E.2d 1088, ¶ 15. We review a grant of summary judgment de novo. *Ligon v. Winton Woods Park*, 1st Dist. Hamilton No. C-180073, 2019-Ohio-1217, ¶ 6.

{¶7} A claim of negligence requires the plaintiff to show (1) a duty of care running between the plaintiff and defendant, (2) a breach of that duty by the defendant, and (3) injury suffered by the plaintiff proximately caused by the breach. *Id.* at ¶ 8. As an attendee of the festival Ms. Milatz was considered an invitee, which meant that the organizers—the city and the Chamber—generally her owed a "duty of ordinary care" to maintain the premises in a reasonably safe condition and warn of any latent or hidden dangers. *Duell v. City of Cincinnati*, 2018-Ohio-4400, 122 N.E.3d 640, ¶ 5 (1st Dist.).

{¶8} Dangers deemed to be "open and obvious," however, vitiate this duty owed to those lawfully on the premises, *Armstrong* at syllabus, on the theory that the open and obvious nature of the condition itself serves as a warning of the danger. *Ligon* at ¶ 9 (black mat lying unobstructed on a concrete sidewalk was open and obvious danger). As a result, we have defined an open and obvious hazard as one that is not "hidden, concealed from view, or undiscoverable upon ordinary

inspection." *Esterman v. Speedway LLC*, 1st Dist. Hamilton No. C-140287, 2015-Ohio-659, ¶ 7, quoting *Thompson v. Ohio State Univ. Physicians, Inc.*, 10th Dist. Franklin No. 10AP-612, 2011-Ohio-2270, ¶ 12; *Armstrong* at ¶ 16 ("[V]iewing the photographs supplied by both parties, we find that as a matter of law, the rail in question was visible to all persons entering and exiting the store."). Finally, a party's subjective awareness of a hazard's existence is not determinative of whether the danger is in fact open and obvious; this evaluation instead utilizes an objective standard. *Ligon* at ¶ 9. Nevertheless, if a person actually sees and appreciates the hazard, that fact must be considered in the overall calculus.

{¶9} Ms. Milatz goes through the motions of challenging the open and obvious nature of the safety utility box in question, but wisely does not hinge her appeal on this issue. Suffice it to say, she faces an uphill battle here in light of the warning color of the box, its size, and relative prominence. Indeed, she concedes that she saw the box in question before approaching it.

{¶10} With that backdrop, Ms. Milatz takes a different tack and reframes the open and obvious inquiry by positing that faulty assembly of the box constituted an attendant circumstance, which obviated the open and obvious nature of the hazard. She suggests that because other safety utility boxes were properly assembled that night (which she saw), she let her guard down and did not fully appreciate the danger of the improperly-assembled box. These attendant circumstances, she maintains, created a question of fact. *See Esterman* at ¶ 11 ("In determining whether a dangerous condition is open and obvious, attendant circumstances can create a genuine issue of material fact.").

{¶11} Attendant circumstances, however, are "distractions that contribute to an injury by diverting the attention of the injured party and reduce the degree of care

5

an ordinary person would exercise at the time." *McLaughlin v. Andy's Coin Laundries, LLC,* 2018-Ohio-1798, 112 N.E.3d 57, ¶ 15 (1st Dist.), quoting *Galinari v. Koop*, 12th Dist. Clermont No. CA2006-10-086, 2007-Ohio-4540, ¶ 21. They reflect an "unusual circumstance of the property owner's [own] making." *Esterman* at ¶ 14, quoting *McConnell v. Margello*, 10th Dist. Franklin No. 06AP-1235, 2007-Ohio-4860, ¶ 17; *Lattimore v. K&A Market, Inc.*, 1st Dist. Hamilton No. C-150753, 2016-Ohio-5295, ¶ 7 (chip display in convenience store was not an attendant circumstance as it was not an unusual circumstance which would divert someone's attention). We have not seen, nor has Ms. Milatz directed our attention to, a case where the attendant circumstance was actually the hazard itself.

{¶12} Unlike a prototypical attendant circumstance (i.e., some type of distraction), Ms. Milatz described the area around the safety utility box as well lit, with "lights lit up everywhere," and free from large crowds that might have obscured her view. She further acknowledged familiarity with the appearance of the safety utility boxes prior to her fall, having witnessed them throughout the event. And, importantly, Ms. Milatz admittedly saw the box immediately prior to trying to step over it:

Q: Right before you stepped over the safety utility box that's depicted

in this picture, did you see it?

A: I saw it.

Q: So you saw the box, and then stepped over it?

A: I saw the box, and I walked - - was walking, yes, and I stepped over

it.

Nothing in the record reflects that the safety utility box was either an unusual circumstance, or that she was distracted at the time of the fall. *See Shepherd v.*

6

*Cincinnati,* 168 Ohio App.3d 444, 2006-Ohio-4286, 860 N.E.2d 808, ¶ 31 (1st Dist.) ("And attendant circumstances must, taken together * * * divert the attention of the pedestrian[.]"). Thus, no attendant circumstance existed to distract Ms. Milatz's attention from the safety utility box.

{¶13} Attempting to frame the issue as one of faulty construction of the box, Ms. Milatz runs headlong into a causation problem, because she presented no evidence to establish that improper assembly actually caused her injuries:

Q: Do you know why you tripped on this specific ramp?

A: There was no rhyme or reason why I tripped on anything.

Q: I mean, do you – is that what you believe happened, or do you know?

A: That there's no rhyme or reason why I tripped?

Q: No. Do you believe you tripped?

A: I believe I did.

Q: And why do you believe that you tripped?

A: Because when I was on the ground, and when I got up, obviously I tripped.

Q: Do you remember feeling your foot being arrested by something before you fell?

A: It happened so fast.

Q: So you don't remember, correct?

A: No.

Speculation alone, however, is insufficient to establish that some type of assembly glitch with the safety utility box caused the fall. *See, e.g., McLain v. Equitable Life Assur. Co. of U.S.,* 1st Dist. Hamilton No. C-950048, 1996 WL 107513, *7 (March 13,

1996) (where plaintiff admitted she had no idea how she fell summary judgment was proper); *Rosenbrook v. Lucas Cty. Bd. of Commrs.*, 2015-Ohio-1793, 33 N.E.3d 562, ¶ 50 (6th Dist.) (summary judgment was properly granted when the plaintiff could not state that the curled rug caused her fall and only saw it after she fell); *Bozsik v. Aldi, Inc.*, 9th Dist. Summit No. 23146, 2006-Ohio-5880, ¶ 9 ("Without more than conjecture about what caused her fall at the Aldi store, [the appellant] is precluded from establishing a negligence claim."). The question might be closer, for instance, if she testified that she stepped on top of the box, and it buckled because of shoddy assembly, causing her to fall. But that is not the record before us. We accordingly find that the trial court properly granted summary judgment as to the city and the Chamber.

{¶14} The analysis is slightly different for Loud and Clear, but ultimately reaches the same result. As an independent contractor, Loud and Clear could not avail itself of the open and obvious doctrine to negate its duty to warn. *See Simmers v. Bentley Constr. Co.*, 64 Ohio St.3d 642, 645, 597 N.E.2d 504 (1992) (holding that open and obvious doctrine exonerating an owner or occupier of land from duty to warn those entering the land did not extend to independent contractor). The open and obvious nature of the danger, however, can be employed in evaluating whether Loud and Clear breached this duty of care. *See Brock v. Food, Folks & Fun, Inc.*, 2d Dist. Montgomery No. 25719, 2014-Ohio-2668, ¶ 21 (open and obvious nature of handicap ramp assumed relevance in court's analysis of whether independent contractor breached its duty of ordinary care). And, of course, the causation problem highlighted above looms large here as well—Ms. Milatz cannot establish that negligence by Loud and Clear actually caused her injury. Whether viewed as a question of breach or one of causation, the record evidence confirms the propriety of

8

the trial court's grant of summary judgment to Loud and Clear. *See id.* at ¶ 23 (no breach where it was unforeseeable that the plaintiff would fail to recognize the ordinary danger associated with a handicap ramp). Therefore, we accordingly overrule Ms. Milatz's first assignment of error.

## B.

{¶15} Ms. Milatz also contends that the trial court abused its discretion in denying her motion for a default judgment and allowing Loud and Clear to file its answer to the complaint out of time. *See Watts v. Fledderman,* 1st Dist. Hamilton No. C-170255, 2018-Ohio-2732, ¶ 36 (trial court's grant of moving party's motion to file an answer out of time will not be reversed absent an abuse of discretion). "An abuse of discretion involves more than an error of law or of judgment; it connotes an attitude on the part of the court that is unreasonable, unconscionable or arbitrary." *Id.*, citing *Rock v. Cabral,* 67 Ohio St.3d 108, 112, 616 N.E.2d 218 (1993).

{¶16} In its discretion, a court may allow an answer to be filed out of time "upon motion made after the expiration of the specified period * * * where the failure to act was the result of excusable neglect[.]" Civ.R. 6(B)(2). A court's determination of "excusable neglect" must take into account "all the surrounding facts and circumstances, with the admonition that cases should be decided on their merits, where possible." *Fourtounis v. Verginis*, 2017-Ohio-8577, 101 N.E.3d 101, ¶ 12 (8th Dist.). Denial of a motion to file an answer out of time is warranted where a party demonstrated a "complete disregard for the judicial system." *Kay v. Marc Glassman, Inc.,* 76 Ohio St.3d 18, 20, 665 N.E.2d 1102 (1996), quoting *GTE Automatic Elec., Inc. v. ARC Industries, Inc.,* 47 Ohio St.2d 146, 153, 351 N.E.2d 113 (1976).

{¶17} Realizing its error after Ms. Milatz moved for a default judgment, Loud and Clear filed its motion within days. It explained therein that it erroneously

miscalculated the answer date, attaching supporting affidavits of its vice president of business operations and its insurance claims adjuster to explain the snafu.

{¶18} This is precisely the sort of of excusable neglect contemplated by Civ.R. 6(B)(2). *E.g., Brooks v. Progressive Ins. Co.*, 9th Dist. Summit No. C.A. 16639, 1994 WL 376768, *3 (July 20, 1994) ("[M]iscalculation of the answer date [is] the type of oversight or clerical error that the trial court could consider excusable neglect[.]"); *Bryan v. Valley Care Health Sys. of Ohio*, 11th Dist. Trumbull No. 2015-T-0130, 2016-Ohio-7156, ¶ 24 (excusable neglect when affidavits from party's legal department supported the claim that complaint and summons were never received due to clerical error); *Evans v. Chapman*, 28 Ohio St.3d 132, 135, 502 N.E.2d 1012 (1986) (not an abuse of discretion to find that clerical errors constitute excusable neglect). Nothing in Loud and Clear's counduct implicates a flagrant disregard of the judicial system warranting a denial of its motion. Coupled with the notion that the judicial system prefers to resolve issues on the merits, we find that the court did not abuse its discretion when it granted leave to file the answer out of time. We accordingly overrule Ms. Milatz's second assignment of error.

{¶19} Having overruled Ms. Milatz's two assignments of error, we accordingly affirm the judgment of the trial court granting summary judgment.

Judgment affirmed.

**MYERS, P.J.,** and **WINKLER, J.,** concur.

Please note:
 The court has recorded its own entry this date.