[Cite as *Olthaus v. Niesen*, 2024-Ohio-1953.]

# IN THE COURT OF APPEALS
## FIRST APPELLATE DISTRICT OF OHIO
## HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| RYAN OLTHAUS, | : | APPEAL NOS. C-230513 |
| | | C-230515 |
| Plaintiff-Appellee, | : | TRIAL NO. A-2002596 |
| and | : | *O P I N I O N.* |
| ZACHARY GOTTESMAN, ESQ., | : | |
| and | : | |
| ROBERT THUMANN, ESQ., | : | |
| Appellees, | : | |
| vs. | : | |
| JULIE NIESEN, | : | |
| and | : | |
| JAMES NOE, | : | |
| Defendants-Appellants, | : | |
| and | : | |
| TERHAS WHITE, | : | |
| and | : | |
| ALISSA GILLEY, | : | |
| Defendants. | : | |

Civil Appeals From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Affirmed In Part, Reversed In Part, and Cause
Remanded

Date of Judgment Entry on Appeal: May 22, 2024

*Gottesman & Associates, LLC*, *Zachary Gottesman*, *Crehan & Thumann, LLC*, and
*Robert J. Thumann*, for Plaintiff-Appellee,

*Laursen, Colliver & Mellott, LLC*, and *Erik W. Laursen*, for Defendant-Appellant Julie
Niesen,

*Whittaker Law, LLC*, and *Justin M. Whittaker*, for Defendant-Appellant James Noe.

**BERGERON, Judge.**

{¶1} One of our most cherished freedoms is the right to free expression, guaranteed by the U.S. and Ohio Constitutions. But free expression can also be harmful, as one person's observation can inflict trauma on another. For that reason, courts have carefully cultivated doctrines to strike the appropriate balance between free expression and actionable speech. One of the most well-known frameworks involves the "actual malice" standard recognized in *New York Times v. Sullivan*, 371 U.S. 946, 83 S.Ct. 510, 9 L.Ed.2d 496 (1963), which obligates public figures suing for defamation to satisfy a stringent test that requires that the speaker acted with knowledge that the statement was false, or with reckless disregard as to the statement's falsity. Here, a police officer, plaintiff-appellee Ryan Olthaus, sued several individuals accusing them of defamation for calling him a "white supremacist." However, he never sought to satisfy the *Sullivan* actual malice standard—not in his complaint, not in opposing the defendants' motions to dismiss, and not in a prior appeal to this court after dismissal of his suit. Nor did he seek to claim some type of exception from or modification to the *Sullivan* standard. Two defendants accordingly sought sanctions under the frivolous conduct statute, R.C. 2323.51, but the trial court denied relief. We see things differently, as the willful blindness to the controlling legal standard carries consequences. For the reasons explained more fully below, we reverse, in part, the trial court's denial of the sanctions motion for frivolous conduct, and we remand the cause for further proceedings.

I.

{¶2} In July 2020, Officer Olthaus, through his attorneys Zachary Gottesman and Robert Thumann, filed a complaint against defendants-appellants James Noe and

Julie Niesen (together, "Defendants") and other parties, alleging defamation, false light invasion of privacy, and negligence/recklessness. Following various orders and appeals, including those related to the trial court's grant of a temporary restraining order prohibiting the release of Officer Olthaus's personal information, all defendants moved to dismiss all claims under Civ.R. 12(B)(6) in June and July 2022.

{¶3} In March 2023, the trial court ultimately dismissed the complaint as to all claims against all defendants for failure to state a claim for which relief can be granted. Regarding Officer Olthaus's defamation claims, the trial court concluded that "all of Defendants' statements were either true or constitutionally protected statements of opinion." Officer Olthaus quickly appealed, challenging the dismissal while emphasizing the political atmosphere at the time of the incident and the harm the statements allegedly caused him.

{¶4} Shortly after the dismissal, Defendants jointly moved for sanctions against Officer Olthaus, Mr. Gottesman, and Mr. Thumann (together, "Appellees") for frivolous conduct pursuant to R.C. 2323.51(A)(2)(a). Appellees failed to respond by the filing deadline, prompting Defendants to jointly move the court to grant their motion as unopposed.

{¶5} Now aware of the timing lapse, Officer Olthaus requested leave to file a response out of time. His counsel—Mr. Gottesman and Mr. Thumann—did not join in the motion. Defendants opposed this request, insisting that Officer Olthaus failed to make or attempt a showing of excusable neglect and that neither Mr. Gottesman nor Mr. Thumann sought leave to file a response out of time. Officer Olthaus then filed a memorandum opposing the motion for sanctions, which Defendants (unsuccessfully) sought to strike.

4

**{¶6}** In the aftermath of all of this procedural wrangling, the trial court convened a hearing on the joint motion for sanctions. During the hearing, Defendants attempted to question Mr. Thumann—Officer Olthaus's counsel—"to determine what and how any investigation was done, in light of the fact that the very first sentence of the responsive motion that you just admitted and allowed leave for is a misstatement of the law of New York Times v. Sullivan, well-established law that should have been known before anything was filed." In response, Mr. Thumann maintained that issues of attorney-client privilege and work product precluded such an inquiry, explaining to the court that their briefing on the matter could stand on its own. Largely agreeing with Mr. Thumann, the trial court denied Defendants' request, reasoning that it adequately understood the applicable law and leaving it to Defendants to argue that Officer Olthaus failed to adhere to or acknowledge the law.

**{¶7}** Following the hearing, the trial court orally granted the motion for leave to file out of time and denied the joint motion for sanctions, explaining "[t]he filing of this suit surely is looking to create a carve-out or protection for people such as Officer Olthaus." And later that month, the court explained its decision in an entry, finding Officer Olthaus's complaint and other filings were "warranted under existing law and/or supported by a good faith argument for the extension of existing law." In September 2023, Mr. Noe and Ms. Niesen appealed the denial of their joint motion for sanctions. This court consolidated the appeals.

**{¶8}** In December 2023, this court released its decision regarding Officer Olthaus's merits appeal, affirming the trial court's decision dismissing his claims because Defendants' statements were either true or matters of opinion, Officer Olthaus failed to plead or argue actual malice, and he could plead no facts showing that

5

defendants violated an underlying criminal statute. *See Olthaus v. Niesen*, 1st Dist. Hamilton No. C-230142, 2023-Ohio-4710.

{¶9} With the procedural table now set, we turn to review Mr. Noe's and Ms. Niesen's consolidated sanctions appeals.

II.

{¶10} Mr. Noe's and Ms. Niesen's assignments of error largely overlap. Therefore, we address their corresponding assignments of error together, albeit out of order.

A.

{¶11} In Mr. Noe's first assignment of error and Ms. Niesen's fourth assignment of error, Defendants contend that the trial court erred by allowing Mr. Olthaus to file his memorandum contra the joint motion for sanctions because he failed to comply with the timing requirements in the Ohio Rules of Civil Procedure.

{¶12} This court reviews a trial court's decision to grant a motion to file out of time upon a finding of excusable neglect for an abuse of discretion. *See Milatz v. City of Cincinnati*, 2019-Ohio-3938, 145 N.E.3d 1117, ¶ 15 (1st Dist.), citing *Watts v. Fledderman*, 1st Dist. Hamilton No. C-170255, 2018-Ohio-2732, ¶ 36. An abuse of discretion occurs when "a court exercise[es] its judgment, in an unwarranted way, in regard to a matter over which it has discretionary authority." *Johnson v. Abdullah,* 166 Ohio St.3d 427, 2021-Ohio-3304, 187 N.E.3d 463, ¶ 35.

{¶13} A trial court may permit an answer to be filed out of time "upon motion made after the expiration of the specified period * * * where the failure to act was the result of excusable neglect[.]" Civ.R. 6(B). "A court's determination of 'excusable neglect' must take into account 'all the surrounding facts and circumstances, with the

6

admonition that cases should be decided on their merits, where possible.' " *Milatz* at ¶ 16, quoting *Fourtounis v. Verginis*, 2017-Ohio-8577, 101 N.E.3d 101, ¶ 12 (8th Dist.). But denial is "warranted where a party demonstrated a 'complete disregard for the judicial system.' " *Id.*, quoting *Kay v. Marc Glassman, Inc.*, 76 Ohio St.3d 18, 20, 665 N.E.2d 1102 (1996).

{¶14} Here, Officer Olthaus missed the deadline for his response (April 17), prompting Defendants to jointly move the court to grant the joint motion as unopposed on April 19. Quickly realizing the error in the wake of Defendants' motion, Officer Olthaus requested leave to file his response out of time the following day (April 20). In his motion, he explained that he missed the filing deadline because his counsel was "out of town during the previous weeks and there was subsequent confusion regarding the submittance of the Response." The motion was not accompanied by any supporting affidavits. And a few days later, Officer Olthaus filed a memorandum opposing Defendants' motion for sanctions.

{¶15} Although the details here remain vague, Appellees' oversight does seem more akin to a clerical error than to a flagrant disregard of the judicial system. *See, e.g.*, *Milatz*, 2019-Ohio-3938, 145 N.E.3d 1117, at ¶ 17-18 (holding it was not an abuse of discretion to find that the miscalculation of the answer date was excusable neglect); *Evans v. Chapman*, 28 Ohio St.3d 132, 135, 502 N.E.2d 1012 (1986) (holding it was not an abuse of discretion to find that clerical errors constitute excusable neglect). We are dealing with a filing a few days late, rather than a chronic failure to adhere to court deadlines.

{¶16} With the judicial system's preference for resolving issues on the merits in mind, and based on this record, we conclude that the trial court did not abuse its

7

discretion when it granted leave to file the answer out of time, and accordingly, we overrule Mr. Noe's first assignment of error and Ms. Niesen's fourth assignment of error.

B.

{¶17} Defendants raise several assignments of error (Mr. Noe's second, third, and fourth assignments and Ms. Niesen's first and second assignments) related to the merits of their request for sanctions under R.C. 2323.51(A)(2)(a), arguing that Appellees engaged in frivolous conduct under three separate subsections. Because these assignments of error share the same statutory basis, we first review the statute before analyzing each assignment of error.

{¶18} Under R.C. 2323.51, a motion for sanctions requires a trial court to determine whether challenged conduct is "frivolous" as defined by the statute and whether any party was adversely impacted by the conduct. *See Fannie Mae v. Hirschhaut*, 1st Dist. Hamilton No. C-180473, 2019-Ohio-3636, ¶ 28, citing *Riston v. Butler*, 149 Ohio App.3d 390, 2002-Ohio-2308, 777 N.E.2d 857, ¶ 17 (1st Dist.). And R.C. 2323.51(A)(2)(a) defines "frivolous conduct" as conduct that satisfies any of the following:

> (i) [i]t obviously serves merely to harass or maliciously injure another party to the civil action or appeal or is for another improper purpose, including, but not limited to, causing unnecessary delay or a needless increase in the cost of litigation[;]
>
> (ii) [i]t is not warranted under existing law, cannot be supported by a good faith argument for an extension, modification, or reversal of

existing law, or cannot be supported by a good faith argument for the establishment of new law[;]

(iii) [t]he conduct consists of allegations or other factual contentions that have no evidentiary support or, if specifically so identified, are not likely to have evidentiary support after a reasonable opportunity for further investigation or discovery[; or]

(iv) [t]he conduct consists of denials or factual contentions that are not warranted by the evidence or, if specifically so identified, are not reasonably based on a lack of information or belief.

i.

**{¶19}** Turning to Mr. Noe's second assignment of error and Ms. Niesen's first assignment of error, Defendants argue that the trial court erred when it denied their motions for sanctions based on R.C. 2323.51(A)(2)(a)(ii). Because R.C. 2323.51(A)(2)(a)(ii) involves a purely legal question, this court reviews determinations under this subsection de novo. *See Feagan v. Bethesda N. Hosp.*, 1st Dist. Hamilton Nos. C-230135, C-230136 and C-230137, 2024-Ohio-166, ¶ 16, citing *Lane v. Griffith*, 11th Dist. Ashtabula No. 2019-A-0041, 2019-Ohio-3442, ¶ 23.

**{¶20}** Under R.C. 2323.51(A)(2)(a)(ii), conduct is frivolous if "[i]t is not warranted under existing law, cannot be supported by a good faith argument for an extension, modification, or reversal of existing law, or cannot be supported by a good faith argument for the establishment of new law." To evaluate a frivolous conduct claim, a court should consider whether a "reasonable attorney would have brought the action in light of existing law." *Bachman v. Durrani*, 2021-Ohio-4073, 180 N.E.3d 1246, ¶ 10 (1st Dist.), citing *Riston* at ¶ 31. R.C. 2323.51 is not aimed at combatting

9

"mere misjudgment or tactical error," *Feagan* at ¶ 29, citing *Riston* at ¶ 35, but rather claims that "proceed[] on a legal theory that is wholly unwarranted in law." *Woodrow v. Krukowski*, 8th Dist. Cuyahoga No. 111753, 2023-Ohio-378, ¶ 16.

**{¶21}** Here, the underlying dispute involved allegations of defamation, false light invasion of privacy, and negligence/recklessness against four defendants, including Mr. Noe and Ms. Niesen. Broadly, following an event where Officer Olthaus made a hand gesture, he alleged that Ms. Niesen and Mr. Noe made posts on social media falsely portraying him as a "white supremacist." In their motion for sanctions, Defendants directed their frivolous conduct allegations at only the defamation claims, arguing that, under *Sullivan*, 371 U.S. 946, 83 S.Ct. 510, 9 L.Ed.2d 496, no reasonable attorney would have brought the claims and that Officer Olthaus did not allege actual malice pursuant to *Sullivan* or argue that *Sullivan* should be modified or that an exception should be recognized. The trial court denied their sanctions motion, finding "[t]he filing of this suit surely is looking to create a carve-out or protection for people such as Officer Olthaus."

**{¶22}** Because Defendants focus their frivolous conduct allegations on the defamation claims (and specifically the element of actual malice), we limit our review of the denial of their joint motion for sanctions to this claim. Pursuant to *Sullivan*, for defamation claims, "the First Amendment of the U.S. Constitution requires that plaintiffs who are public figures or officials, like police officers, show that the defendant's statement was made with 'actual malice,' which is 'knowledge that it was false or with reckless disregard of whether it was false or not.' " *Niesen*, 1st Dist. Hamilton No. C-230142, 2023-Ohio-4710, at ¶ 13, quoting *Sullivan* at 279-280.

**{¶23}** Officer Olthaus has never disputed that *Sullivan* governs this case. *See id.* at ¶ 9 ("Tellingly, Officer Olthaus * * * does not suggest the trial court used the wrong legal standard in its decision[] and does not assert that it misapplied any relevant case law."). Yet he never cited *Sullivan* or accurately defined its actual malice standard in his case below (either in the complaint or in briefing on Defendants' motion to dismiss). And in his opposition to the sanctions motion, he still failed to explain how his defamation claims could fit within the existing *Sullivan* framework or how *Sullivan* could have been modified or an exception created to permit recovery. It's incumbent upon the party advancing a modification/expansion/exception argument to actually fashion it, rather than leaving it to a court's imagination. *See, e.g., Mueller v. City of Vandalia*, 2d Dist. Montgomery No. 16158, 1997 Ohio App. LEXIS 822, 13-14 (Mar. 7, 1997) (holding R.C. 2323.51(A) sanctions were warranted where the plaintiffs' alleged causes of action "were unwarranted under Ohio law" and where the plaintiffs "have not supported them with a good-faith argument for the extension, modification, or reversal of existing law"). And here, Officer Olthaus never advanced such a claim. No reasonable attorney would have brought his defamation claims without expressly acknowledging and addressing the existing legal standard under *Sullivan* and fairly arguing either that Defendants acted with actual malice as defined by *Sullivan* or for a modification of or exception to that legal requirement.

**{¶24}** As further confirmation of Appellees' failure to engage with the accurate legal standard for actual malice, in the prior appeal contesting the dismissal (which occurred *after* the sanctions hearing), Officer Olthaus chose not to respond to the trial court's conclusion that he failed to address actual malice. *See Niesen* at ¶ 10 ("Likewise, he advances no substantive argument responding to the trial court's

11

conclusion that he failed to plead actual malice and that '[a]ctual malice cannot be established in this case.' "). Moreover, no citation to *Sullivan* appeared anywhere in his appellate brief. Instead, he opted to continually cite the standard for *common law malice*, which the Ohio Supreme Court has repeatedly held does not constitute actual malice for defamation claims. *See, e.g., id.* at ¶ 13 (" 'Actual malice' in this context is a legal term of art distinct from traditional, common-law malice, which generally 'connotes ill will, hatred [or] a spirt of revenge.' "), quoting *Varanese v. Gall*, 35 Ohio St.3d 78, 79, 518 N.E.2d 1177 (1988), citing *Preston v. Murty*, 32 Ohio St.3d 334, 512 N.E.2d 1174 (1987). In fact, the Court explicitly held that "[the elements of common law malice] are constitutionally insufficient to prove actual malice in the context of a public-official defamation case under [*Sullivan*]," and that "[e]vidence of hatred, spite, vengefulness, or deliberate intention to harm *can never, standing alone*, warrant a verdict for the plaintiff in such cases." (Emphasis added.) *Varanese* at 79-80, citing *Dupler v. Mansfield Journal Co.*, 64 Ohio St.2d 116, 119, 413 N.E.2d 1187 (1980). Failing to acknowledge that the Ohio Supreme Court rejected his effort to conflate common law malice with actual malice, Officer Olthaus again failed to provide any roadmap for circumventing binding precedent.

{¶25} Thus, Appellees engaged in more than mere tactical error; they repeatedly advanced arguments directly in conflict with U.S. Supreme Court and Ohio Supreme Court precedent without advancing any rationale for some modification of or exception to controlling legal doctrine. Based on this record, we sustain Mr. Noe's second assignment of error and Ms. Niesen's first assignment of error.

ii.

**{¶26}** Next, Mr. Noe's third assignment of error and Ms. Niesen's second assignment of error raise concerns regarding the trial court's denial of their motions for sanctions based on R.C. 2323.51(A)(2)(a)(iii). Specifically, Defendants contend that Appellees advanced falsehoods and misrepresentations and were never likely to identify any evidentiary support for their claims.

**{¶27}** Because determinations under this subsection contain mixed questions of law and fact, this court "applies a de novo standard of review" for legal questions. *Stephens v. Downtown Property Mgt.*, 1st Dist. Hamilton No. C-220332, 2023-Ohio-1988, ¶ 13, citing *217 Williams, LLC v. Worthen*, 1st Dist. Hamilton No. C-180101, 2019-Ohio-2559, ¶ 16. But for findings of fact, this court "may not disturb a trial court's findings * * * if the record contains competent, credible evidence to support those findings." *Id.* Here, the trial court did not make any factual findings regarding this subsection. Absent findings of fact, this court reviews the record to see if "the evidence was sufficient to support the denial of the motion." *See State v. Johnson*, 1st Dist. Hamilton No. C-170354, 2019-Ohio-3877, ¶ 32, citing *State v. Pate*, 1st Dist. Hamilton Nos. C-130490 and C-130492, 2014-Ohio-2029, ¶ 11.

**{¶28}** Pursuant to R.C. 2323.51(A)(2)(a)(iii), conduct is frivolous if it "consists of allegations or other factual contentions that have no evidentiary support or, if specifically so identified, are not likely to have evidentiary support after a reasonable opportunity for further investigation or discovery." To avoid a frivolous conduct finding, "a party only needs minimal evidentiary support for its allegations or factual contentions." *Carasalina LLC v. Bennett*, 10th Dist. Franklin No. 14AP-74, 2014-Ohio-5665, ¶ 36.

13

{¶29} We accordingly must determine whether Officer Olthaus had evidentiary support for his factual contentions. His complaint generally alleged that Ms. Niesen made posts portraying him as a "white supremacist." And in his claims against Mr. Noe, Officer Olthaus claimed that Mr. Noe posted insults about him on social media, including a post stating that he made "white power symbols to Black speakers" and a photo of him designed to portray him as a "white supremacist." He also asserted that Mr. Noe threatened to publish his personal information on social media.

{¶30} During the case below, Officer Olthaus filed an affidavit which shared his side of the events that transpired at the city council hearing that spurred the conduct at issue in the underlying complaint and contained screenshots of the social media posts at issue. No parties disputed the underlying events that occurred or the contents of the subsequent social media posts. And Officer Olthaus himself readily admits that he made the hand gesture that precipitated the social media posts. Thus, "what is disputed turns on the subjective meaning of the gesture[,]" not the evidentiary record itself. *Niesen*, 1st Dist. Hamilton No. C-230142, 2023-Ohio-4710, at ¶ 16. Officer Olthaus's lawsuit, as far as we're concerned in this posture, hinged on legal questions, not factual disputes.

{¶31} In light of the record, we do not see any indication that Appellees presented factual allegations lacking minimal evidentiary support (the problem, as we explained above, was ignoring the governing legal framework). Therefore, the trial court did not err in denying this basis for relief, and we overrule Mr. Noe's third assignment of error and Ms. Niesen's second assignment of error.

14

iii.

**{¶32}** In his fourth assignment of error, Mr. Noe alleges that the trial court abused its discretion by failing to analyze his claims for sanctions under R.C. 2323.51(A)(2)(a)(i). R.C. 2323.51(A)(2)(a)(i) defines conduct as frivolous if "[i]t obviously serves merely to harass or maliciously injure another party to the civil action or appeal or is for another improper purpose, including, but not limited to, causing unnecessary delay or a needless increase in the cost of litigation."

**{¶33}** Mr. Noe did not broach this argument below, so he waived his right to raise this argument on appeal. *See Hirschhaut*, 1st Dist. Hamilton No. C-180473, 2019-Ohio-3636, at ¶ 39, citing *Effective Shareholder Solutions, Inc. v. Natl. City Bank*, 1st Dist. Hamilton Nos. C-080451 and C-090117, 2009-Ohio-6200, ¶ 18. And in any event, Mr. Noe did not sufficiently develop this argument to enable us to conduct any meaningful review. In his brief, Mr. Noe fails to cite any case law or allege any wrongful purpose. Rather, he merely argues that because Officer Olthaus did not advance any substantive argument in response to Mr. Noe's claim below, and because the trial court did not engage in any analysis under this subsection, this court should instruct the trial court to issue sanctions. Without more, we are unpersuaded by this argument.

**{¶34}** Based on the extant record, we overrule Mr. Noe's fourth assignment of error.

C.

**{¶35}** Finally, in Mr. Noe's final assignment of error and Ms. Niesen's third assignment of error, Defendants contend that the trial court abused its discretion by

denying them an evidentiary hearing and relying on oral argument and the parties' briefing.

**{¶36}** Because trial courts possess broad discretion regarding the admission or exclusion of evidence, this court " 'review[s] a trial court's decisions regarding the admission [or exclusion] of evidence for an abuse of discretion.' " *O'Toole v. Hamman*, 8th Dist. Cuyahoga No. 109193, 2020-Ohio-4753, ¶ 28, quoting *State v. Robinson*, 8th Dist. Cuyahoga No. 99917, 2014-Ohio-2973, ¶ 23. An abuse of discretion occurs when "a court exercis[es] its judgment, in an unwarranted way, in regard to a matter over which it has discretionary authority." *Abdullah,* 166 Ohio St.3d 427, 2021-Ohio-3304, 187 N.E.3d 463, at ¶ 35.

**{¶37}** Before a court may award reasonable attorney fees to any party to a civil action who was adversely affected by frivolous conduct, "it must schedule a hearing, provide notice of the hearing, and conduct the hearing as prescribed by law." *State ex rel. Ames v. Ondrey*, 173 Ohio St.3d 320, 2023-Ohio-4188, 229 N.E.3d 1174, ¶ 10, citing R.C. 2323.51(B)(2). The purpose of the hearing is to determine the following: (1) "whether particular conduct was frivolous," (2) "if the conduct was frivolous, whether any party was adversely affected by it," and (3) "if an award is to be made, the amount of that award." R.C. 2323.51(B)(2)(a).

**{¶38}** Here, the trial court held a sanctions hearing. During the hearing, Defendants attempted to call Mr. Thumann (Officer Olthaus's counsel) to the stand to probe his investigative efforts and the underlying basis for the lawsuit. Mr. Thumann lodged privilege and work product objections, with which the trial court generally agreed. On appeal, Defendants insist this testimony would demonstrate that Officer Olthaus's legal claims were not warranted under existing law.

**{¶39}** But, as we have explained above, the relevant sanctionable conduct involves disregarding the "actual malice" standard and advancing legal arguments squarely foreclosed by U.S. Supreme Court or Ohio Supreme Court precedent. Under that circumstance, we do not see any abuse of discretion in the trial court's blockade of any cross-examination of counsel because it would likely not have aided the court's inquiry. And the record suggests no abuse of discretion in how the trial court handled this situation.

**{¶40}** Because this court is remanding the matter to the trial court for the imposition of sanctions, the trial court will ultimately need to convene a hearing on fees and responsibility (absent agreement by the parties). But with respect to this appeal, we overrule Mr. Noe's fifth assignment of error and Ms. Niesen's third assignment of error.

\* \* \*

**{¶41}** In light of the foregoing analysis, we reverse the judgment of the trial court insofar as it denied sanctions pursuant to R.C. 2323.51(A)(2)(a)(ii) regarding the defamation claims, remand the matter with instructions to grant Mr. Noe and Ms. Niesen's joint motion for sanctions pursuant to R.C. 2323.51(A)(2)(a)(ii) regarding the defamation claims, and affirm the remainder of the trial court's judgment. We take no position on the amount of sanctions to be imposed or which Appellees sanctions should be imposed against, leaving those issues to the trial court to determine on remand.

Judgment affirmed in part, reversed in part, and cause remanded.

**BOCK, P.J.,** and **CROUSE, J.,** concur.

17

Please note:

       The court has recorded its entry on the date of the release of this opinion.